70 U.S. 320
 18 L.Ed. 72
 3 Wall. 320
 CHEANG-KEE
v.
UNITED STATES.
 December Term, 1865
 
 A STATUTE of the United States,[1] relating to the Circuit Court for California, enacts that, by consent of parties, 'issues of fact in civil cases may be tried and determined by the said Circuit Court without the intervention of a jury.'
 Under this statute the court, in giving its decision, is to state the facts found and the conclusions of law separately; and a review by this court is to be limited to a determination of the sufficiency of the facts found to support the judgment, and to the rulings of the court in admitting or rejecting evidence, and in the construction of written documents.
 With this act in force, the United States sued Sun Cheang-Kee, by claim in the nature of debt for duties for goods imported by him into the port of San Francisco, on the 13th of August, 1862; and after the passage of the statute of 25th February, 1862, which enacted, that Treasury notes of the United States should be lawful money, and a tender in payment of all debts, public and private, except duties on imports, &c. Kee put in his answer according to the practice customary in the State of California. Its defence was, payment of the duties, as ascertained by the collector of the port under a statute in force prior to the 14th July, 1862, in ignorance on his part, and on the part of the importer, of an enactment which was made of that date imposing higher rates. It alleged that the existence of the act of July was unknown in California until after the duties had been assessed and paid, and the goods delivered to the importer and sold; and insisted that, under the circumstances, the government was concluded by the act of the collector in assessing and receiving the duties under the act previously in force.
 In this state of things, the parties having consented that the case should be tried and determined by the court, the counsel for the United States moved for judgment on the pleadings and according to the claim, which order the court made. For some reason not stated on the record—but which the reporter supposes was a difference of opinion discovered subsequently to the date of the order, to exist between the counsel of the parties as to whether, if judgment were rendered on the pleadings, the facts set forth in the answer would on error be assumed as true—the same counsel subsequently moved the court to set aside the order; which motion the court granted.
 The cause was then tried by the court. Witnesses were examined and counsel heard, and the court found:
 1. That the defendant imported the goods as alleged.
 2. That the duties on the importation, under the law then in force, amounted to $1432.55.
 3. That the defendant paid on account of said duties, $211.70, leaving due $1240.85; and,
 4. As a conclusion of law, that the United States were entitled to judgment for the balance due, with interest, amounting to $1388.10, payable in gold coin, for duties, with costs.
 These findings excluded the defence set up by the answer upon the facts.
 In the course of the trial, exceptions to what had been done were presented thus:
 1. That the counsel of the plaintiffs had moved for judgment on the pleadings, and that the court had ordered judgment accordingly.
 2. That with this order in force the same counsel had afterwards moved the court to vacate and set aside the same; which the court had also done.
 3. That on the trial subsequently had, the court had heard evidence upon the issue, notwithstanding (as the reporter understood the point of the objection to be) the previous judgment on the pleadings. This proceeding the counsel for the defendant objected to as irregular.
 The court gave judgment for the United States for the balance already mentioned, of $1388.10, 'payable in gold coin,' the judgment being amended during the term so as to read payable 'in gold and silver coin.' (The record of the judgment recited the findings, thus showing that the amount for which the judgment was entered was 'for duties.'[2]) The exceptions were now brought here; error being also assigned in the rendering of judgment for the United States payable in gold coin of the United States 'for duties;' as the counsel put it in their assignment of errors; so arguing it also. Objection was also made to the amendment, which made the judgment read, in gold (and silver) coin, &c.
 
 Mr. Gould, for Kee, the plaintiff in error:
 
 1 and 2. The first two exceptions, although apparently inconsistent with each other, are not really so. The motion of the plaintiff was for judgment on the pleadings. The motion admitted, impliedly and in effect, that the answer was true. This was an important admission for us. When made, we had a right to it. It gave as in effect a 'case stated,' for this court. We could, indeed, have proved the truth of our answer by witnesses, when the court below, under the statute, would have found the same thing. But it was unjust to set aside the finding at the plaintiff's request, and to require us to summon witnesses anew, and pay the fees for their attendance, to say nothing of time or trouble. We did not see fit to do so; relying rather on our writ of error.
 3. [On this third exception nothing was said or explained.]
 4. This assignment of errors is to the peculiar form of the judgment. We object, also, to the amendment.
 The Federal courts have uniformly held that 'debt' is the proper action to recover what is due by an importer to the government, after he has received his goods.[3] The present action is in the form of that action. When the goods are delivered to the importer, duties are converted into debts. We do not pretend that duties are originally merely a debt. They are also a species of tax. In their capacity of tax, they operate in invitum, and are a lien upon property; and the property, before delivery to the importer, may be sold by the government, as provided by law, to satisfy the duties; and as government may declare in what coin or species of property taxes shall be paid, so, if they are unpaid, it may at a sale thereof receive nothing in payment but the particular currency or species of property in which taxes may be reserved.
 The government is thus armed with two remedies, each distinct from the other:
 1st. The right to enforce the lien on the goods by an ex parte sale, and at such sale to require payment in the specific coin in which the duty is payable; and
 2d. To sue the importer in an action of debt, to recover the pecuniary value of the duty.
 The power of the government (provided it has not lost its lien on the goods) is complete to require and compel payment in the specific coin. It has the power, in the language of the Constitution, 'to lay and collect duties.' But if then there is a mere debt due by the importer to the government for the amount of the duties, such debt may be discharged by any lawful money of the United States. The form of the judgment is therefore erroneous; and the fact that it is an unusual form of judgment is itself a great argument against its being a right form. 'A universal silence, in Westminster Hall, on a subject which frequently gives occasion for litigation,' is spoken of by Buller, J., in a great case,[4] as 'a strong argument,' to prove that a matter now first spoken of does not exist. 'By Littleton it appeareth,' says Lord Coke, 'that the formes of judgments, pleas, and other legal proceedings, doe much conduce to the right understanding of the law.' The 'formes' of the law are indeed both the indices and conservatories of its principles, and the form of judgments for money, ever since courts of common law began to exist, has been simply for money, without specifying the commodity from which it may chance to be manufactured.
 It has moreover been expressly decided that even where a contract is, in terms, payable in gold coin, courts of law have no power to render a judgment payable in such coin, or otherwise than for current money.[5]
 If it was error to make the judgment 'payable in gold [and silver] coin of the United States,' what shall we say of the statement 'for duties?' If there be one principle of law more elementary than another, it is that a judgment is a merger of the plaintiff's demand. If the judgment is for so much current money, then the effect of these words, so far as they have any, is practically to prevent a merger of the plaintiff's demand, and to keep alive its original cause of action. It has not hitherto been the custom of courts, in their judgments, to inform the public what the extent of the original cause of action was. What would be thought of a judgment in these words: 'That the plaintiff recover from the defendant the sum of one thousand dollars for a note, payable in gold coin?' We have a right to a judgment absolute on its face. The court must tell us categorically what we must do, and not leave our liabilities to the construction of the marshal.
 Mr. Speed, A. G., and Mr. Lake, D. A. for California, contra.
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 The first two exceptions—those relating to the motion and order for judgment, and to the motion and order to set aside what had been directed—relate to matters wholly within the discretion of the Circuit Court, and are not reviewable here. This is not merely settled by repeated decisions, but is expressly directed by an act of Congress prescribing the limits of this court's jurisdiction upon writs of error to the Circuit Court of California.[6]
 
 
 2
 The third exception related to the examination of witnesses on the trial. This exception must rest on the assumption that inasmuch as the pleadings consisted only of claim and answer, the answer must be taken as true, and could not be contradicted by witnesses.
 
 
 3
 But the statute of the State, which has been adopted as a rule by the Circuit Court of the United States for the District of California, expressly declares that new matter in an answer shall, on trial, be deemed controverted by the adverse party.[7] Under that statute the answer of the defendant below could not be taken as true. Witnesses, therefore, were properly examined.
 
 
 4
 The only other exception is to the form of the judgment, which was originally for the amount due, payable in gold coin, for duties; and afterwards, during the term, amended by order of the court so as to make it 'payable in gold and silver coin, for duties.' The objection is to the amendment and to the statement in the judgment that it is 'payable in gold and silver coin, for duties.' The amendment, made during the term, was clearly within the power of the court. The statement merely declared the legal effect of the judgment. The whole case shows that the judgment was for duties on imports, and nothing but gold and silver coin has been made a legal tender for this description of indebtedness to the government. This statement, therefore, is strictly correct, and though unnecessary, could not affect the validity of the judgment.
 
 
 5
 AFFIRMED WITH COSTS.
 
 
 
 [1]
 Act of February 19, 1864; 13 Stat. at Large, ch. xi, § 7, p. 5.
 
 
 [2]
 The record, in exact words, ran thus:
 'As a conclusion of law, the court finds that plaintiffs are entitled to a judgment against defendant for the said sum of thirteen hundred and eighty-eight 10/100 dollars, payable in gold and silver coin of the United States, for duties, with the costs of this action. And it was thereupon ordered that judgment be entered in accordance with the said findings.
 'WHEREFORE, by reason of the law and the premises, it is ordered and adjudged that the said plaintiffs do have and recover of and from the said defendant the sum of thirteen hundred and eighty-eight 10/100 dollars, in gold [and silver] coin of the United States, together with his costs of this action, taxed at _____, and that plaintiffs have execution therefor.'
 
 
 [3]
 Meredith v. United States, 13 Peters, 493.
 
 
 [4]
 Le Caux v. Eden, Douglas, 594.
 
 
 [5]
 Wood v. Bullens, 6 Allen, 516; Schoenberger v. Watts, 1 American Law Register, N. S., 558.
 
 
 [6]
 Act of February 19, 1864, § 7.
 
 
 [7]
 2 General Laws of California, § 5005.