UNITED STATES *v.* KOBLITZ.

*(Circuit Court, N. D. Ohio, E. D.    April Term, 1882.)*

1. DUTIES—RECOVERY OF—BURDEN OF PROOF.

In an action to recover duties on imports, the burden of proof is on the government to show that defendant imported the articles without the payment of the duty required by the statute, and also to show the quantity so imported by him, and this must be done by a fair preponderance of evidence.

2. SAME—LIABILITY.

If the articles were purchased by defendant after they had been imported and passed the custom-house, without the payment of duty by others, he is not liable for the duty, unless he connived at and is shown to be privy to the importation.

3. SAME—IMPORTER'S LIABILITY.

The fact that dutiable goods were allowed by the customs officers to pass through the custom-house without payment of duties, will not relieve the importer from liability to action for such duties.

4. SAME—MEASURE OF RECOVERY.

In an action for the recovery of duties on imports, the government is not entitled to interest on the unpaid duties.    The amount of the recovery cannot exceed the amount claimed in the petition.

At Law.

*Dist. Atty. Ed. S. Meyer,* for the Government.

*Judge W. W. Boynton* and *Mr. Atkinson,* for defendant.

WELKER, J., *(charging jury.)*    This action is brought by the government to recover from the defendant the duty required to be paid on woolen rags imported from Canada into the United States.    The statute provides that on "woolen rags, shoddy, mungo, waste, and flock," imported into the United States, there shall be paid a duty of 12 cents per pound.    In the petition the government claims that the defendant, at different times, from the twenty-seventh day of November, 1879, to the fifteenth day of June, 1880, imported from Canada into the United States, at Port Huron, in Michigan, in different quantities,

stated in the several causes of action in the petition, amounting in all to some 62 tons of woolen rags, on which duty was required to be paid, without having paid to the government such duty, amounting in all, at 12 cents per pound, to about the sum of $15,000, and for which judgment is asked. This is denied by the defendant in his answer.

This, then, is the issue you are to determine. Most of the questions involved in this case are questions of fact, which you must find from the evidence in the case. There are, however, some general principles of law involved, to which it is the duty of the court to call your attention, and which will enable you to properly consider and apply the facts, and so correctly determine the issue so made.

The burden of the proof is on the government to show that the defendant did import woolen rags without the payment of the duty required to be paid by the statute, and also to show the quantity so imported by him. This must be done by a fair preponderance of evidence. It need not be done, in this form of action, beyond a reasonable doubt, as in a criminal prosecution. In the importation of such rags the defendant is to be held responsible for whatever was done by his agents or employes under his direction. If Barras or others passed the rags or imported them without the payment of duty, by the direction of the defendant, it would be the same as if he did it himself. Importation means bringing goods into the United States from a foreign country. Some are allowed to come in free of duty, and others are charged with a duty. Cotton rags are not required to pay duty, and can, therefore, be imported without such payment. The government must show that the importations consisted of woolen rags. Unless such rags are shown to have been imported the government cannot recover.

With reference to a quantity of felt claimed by the government to have been imported by the defendant, it is claimed by the defendant that such felt is not included in the terms "woolen rags," and, therefore, not chargeable with duty as such woolen rags. If the evidence shows that the felt was made of wool, and consisted of clippings in a tattered and fragmentary form, such form of felt would be "woolen rags" within the provisions of the statutes, and as such liable to pay duty. If the rags were purchased by the defendant, after they had been imported and passed the custom-house, without the payment of duty, by others, he is not liable for the duty, unless he connived at, and is shown to be privy to, the importation, and so passing them without the payment of duty. The fact that dutiable goods were allowed by the government officers to pass through the custom-house

without the payment of the duty thereon required by law, does not relieve the persons who import them from the payment of such duty, and the government has a right by action to recover such duty. The exact dates of time of importation, or the quantity of woolen rags, are not material to be established as stated in the petition, so that the time is about that stated in the petition, and some quantity is shown to have been imported as charged in each cause of action of the petition, and not larger than the quantity so charged in each cause of action. The market value of woolen rags in Canada and in Cleveland is only material to show an inducement or want of inducement, of the defendant to import the rags, either in the avoiding or payment of the required duty. Nor is the value of the rags at the time of importation material; but their condition may be looked into to ascertain weight, with reference to the amount of duty to be paid.

In the establishment of facts, the weight of the evidence and reliability of the witnesses are matters entirely within your control. I cannot aid you in that consideration, otherwise than in calling your attention to some general rules laid down in the law to be considered in determining the truth and reliability of testimony, and which will enable you to properly consider the evidence.

[Here were given the usual tests of credibility of witnesses such as manner of witness, his interest and feelings, intelligence, knowledge, probability, contradiction and corroboration, character, etc.]

In cases involving the commission of crime, an accomplice is a competent witness. The degree of credit which ought to be given to such testimony is a matter for the jury to determine. In cases of felony it is unsafe to convict a defendant upon the testimony of an accomplice alone, and without corroboration.

In this action it is competent for you to consider the relation Barras and some other witnesses held in connection with the importation of the rags, as bearing upon their reliability as witnesses, and the credit to be given them.

If you find that the defendant did not import any woolen rags without the payment of duty, your verdict will be for the defendant. If you find that he did import such rags without payment of duty, then you will ascertain from the evidence the quantity so imported, and on such number of pounds so found, assess 12 cents per pound, and the result should be the amount of your verdict for the government. In determining the quantity you will not merely guess the amount, but require the government to show by evidence to your reasonable satisfaction as to such quantity so imported.

The government is not entitled to interest on such unpaid duties. The amount of the recovery cannot exceed the amount claimed in the petition.

Verdict for the plaintiff, $15,000.

---

Motion for new trial overruled.   October term, 1882.