# BARRELL v. TILTON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

Argued December 6, 1886. — Decided January 10, 1887.

In Oregon there is no sound reason why a married woman, in possession with her husband of property which rightfully belongs to another, may not be jointly sued with him for its recovery.

A constitutional provision that "the property and possessory rights of every married woman . . . shall not be subject to the debts or contracts of the husband" does not control her voluntary disposal of it, and in the absence of other restrictions she may mortgage it to secure the payment of a debt owing from the husband. In this case that question is not open to contention.

A court has control over its judgments during the term at which they are rendered, and may change their form to suit the purposes of justice; and though it would be more orderly in the second to refer to the first, and to explain the changes, it is not essential to do so if a comparison of the two judgments or decrees discloses the changes or modifications made.

This was an action for the possession of a tract of land containing thirteen acres and a quarter of an acre in Multnomah County, Oregon. The plaintiff was a citizen of New York, and the defendants are citizens of Oregon. In the complaint they were alleged to be husband and wife, though they were not sued as such, and no averment founded upon that relationship was made; they were sued simply as parties in occupation of the premises.

The complaint alleged that the plaintiff was the owner in fee of the land and lawfully entitled to its possession, describing it; that the defendants were in its possession and wrongfully withheld it from him; and that the property was of the value of $13,000.

The defendant, Colburn Barrell, answered the complaint, setting up that the plaintiff deraigned title through a conveyance from William S. Ladd and wife, citizens of Oregon, bearing date on the 28th day of September, 1882, which was executed collusively, with the sole intent of giving the Federal court jurisdiction of the action, and with the understanding that at some future time the land or its proceeds should be reconveyed to them. The defendant further answered, that he defended only for two acres and three eighths of an acre of the land, and as to that he denied the ownership of the plaintiff or that the plaintiff had any right to the possession thereof, and alleged that he was the owner himself and entitled to its possession; that as to the other part of the tract described in the complaint, consisting of eleven acres, he was merely a tenant of Aurelia J. Barrell. The answer also set up that the plaintiff deraigned title through an instrument purporting to be a conveyance absolute, executed by the defendants to Ladd, bearing date on the 18th of January, 1877, and that such conveyance was intended as a mortgage to secure the payment to him of $3850, with interest, which sum the defendant was ready and willing to pay.

The defendant, Aurelia J. Barrell, demurred to the complaint, on the ground that, as the wife of Colburn Barrell, she was improperly joined with him in the action; and that the complaint did not state facts sufficient to constitute a cause of action, because, she being sued as the wife of her codefendant, there were no allegations in the complaint of a cause of action for which she, as such, was responsible.

The court overruled the demurrer, and Aurelia answered, setting up, as in the answer of Colburn Barrell, the collusive character of the conveyance of Ladd and wife to the plaintiff on the 28th of September, 1882, under which he asserted title to the premises; and further, that she defended merely for

eleven acres, as to which she denied the ownership of the plaintiff, or his right of possession, and alleged that she was the owner herself and rightfully entitled to its possession. She also set up, as in Colburn Barrell's answer, the conveyance by the defendants to Ladd, through whom the plaintiff claimed the eleven acres, dated January 18, 1877, and averred that such conveyance was intended as a mortgage on her separate estate as security for the payment of the sum owed by her husband to Ladd, with interest thereon.

To these answers the plaintiff replied, traversing their material averments, except that he admitted that the conveyance of the defendants to Ladd on the 18th of January, 1877, was intended as a mortgage to secure the payment of a debt by Colburn Barrell to him, and stated that in December, 1879, he instituted a suit in the Circuit Court of Oregon for Multnomah County against the defendants, for the purpose of having that conveyance declared to be a mortgage, and for a decree foreclosing the same, and for a sale of the premises; that in that suit the defendants appeared and defended, setting up all the facts contained in their separate answers in this case; that such proceedings were had therein that, on the 19th of March, 1880, a final decree was rendered, declaring the conveyance to be a mortgage, and that its condition had been broken, and decreeing that the property be sold, and that the defendants and all persons claiming under them be barred and foreclosed of all right and interest in it; that under this decree the property was sold by the sheriff of Multnomah County after due advertisement, and in the manner directed, and at such sale William S. Ladd became the purchaser; that the sale was confirmed, and, on the 25th of August, 1880, the sheriff executed a deed of the property to him; that no part of the property had been redeemed, and that no appeal had been taken from the decree, which remained unreversed, and that the plaintiff was the immediate grantee of Ladd.

On the trial of the case, the plaintiff introduced the conveyance executed by the defendants to William S. Ladd, of the property described in the complaint, dated the 18th of January, 1877, and a certified transcript of the record of the suit

brought by him against them in the state court to have the conveyance adjudged to be a mortgage, and for its foreclosure, and the sale of the premises, showing the decree and order for the sale, and the confirmation of the sale. The plaintiff also introduced the conveyance by the sheriff to William S. Ladd, bearing date on the 25th of August, 1880, and also a deed of the premises by Ladd and wife to the plaintiff on the 28th of September, 1882. No evidence was offered as to the alleged collusive purpose in the execution of this deed, to give the Federal court jurisdiction of the action.

The transcript of the record of the suit showed what purported to be a final decree, entered on the 19th of March, 1880, and subsequently a second decree, also purporting to be a final decree, entered on the 23d of March, 1880. The two decrees differed only in the manner in which the property to be sold was described. The difference arose in this way. At the request of counsel, it was referred to a referee to examine and report upon the propriety of offering the property for sale in parcels, so as to enhance the proceeds therefrom. The referee reported a scheme dividing the property into parcels, and the court directed it to be sold accordingly, upon the condition that, after it had been sold in parcels, if any one should bid more for it as a whole, it should be sold to him. In the first decree the metes and bounds of the seven parcels are given separately. In the second, the metes and bounds of the several parcels are given separately, and of the whole as one tract. The process under which the sale was made was a copy of the last decree. When the transcript was offered in evidence, counsel objected to its admissibility, on the ground that the record showed that the final decree was made and entered on the 19th of March, 1880, and that the court had no jurisdiction to enter the second decree, under which the sale was made. The court overruled the objection, and the defendants excepted. The defendants then offered in evidence a copy of the judgment lien docket of the state Circuit Court, showing that the decree was docketed on the 19th of March, 1880. No other evidence having been produced, the court instructed the jury that the sheriff's deed conveyed the estate of the defendants to

the grantee therein, William S. Ladd, and that the conveyance from Ladd and wife to the plaintiff vested the estate in him, and, therefore, that the verdict must be for the plaintiff. To this instruction counsel excepted. The jury accordingly gave a verdict for the plaintiff, upon which judgment was entered; and to review that judgment the defendants brought the case here on a writ of error.

*Mr. W. W. Upton* for plaintiff in error, (*Mr. W. W. Chapman* was with him on his brief,) cited: *Bibb* v. *Pope*, 43 Ala. 190; *Coleman* v. *Smith*, 55 Ala. 368; *Conrad* v. *Le Blank*, 29 La. Ann. 123; *Foxworth* v. *Magree*, 44 Mississippi, 430; *Baines* v. *Barbridge*, 15 La. Ann. 628; *Theriet* v. *Voorhies*, 12 La. Ann. 852; *In re Boyd*, 4 Sawyer, 262.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson*, for defendant in error, cited: *White* v. *Crow*, 110 U. S. 183; *Booth* v. *Tiernan*, 109 U. S. 205; *Packet Co.* v. *Clough*, 20 Wall. 528; *Railroad Co.* v. *Smith*, 21 Wall. 255; *Thompson* v. *First National Bank*, 111 U. S. 529; *Jones* v. *Dove*, 7 Oregon, 467; *United States* v. *Basset*, 9 Wall. 38; *Goddard* v. *Ordway*, 101 U. S. 745; *Knapp* v. *King*, 6 Oregon, 243.

Mr. Justice Field, after stating the case as above, delivered the opinion of the court.

Of the numerous points made by the defendants below, the plaintiffs in error here, only three require notice. The others are either immaterial or unsupported by the record. The three are these:

1st. The ruling of the court on the demurrer of Aurelia to the complaint;

2d. The ruling of the court that the decree of the state court was conclusive as to the right of Aurelia to mortgage the property for the debt of her husband; and

3d. The ruling sustaining the validity of the sale under the decree of the state court, entered on the 23d of March, 1880.

1. The objection taken by the demurrer of Aurelia is, that,

being the wife of Colburn Barrell, she cannot be joined with him as a codefendant in an action for the possession of real property, of which both are alleged to be in the occupation. It is founded on the theory that, by the common law, her identity is so merged in his that she cannot have possession of such property independently of him. If there be any such rule of the common law, upon which we affirm nothing, it has been abolished in Oregon. By a statute of that state, approved on the 21st of October, 1880, all laws which impose or recognize any civil disabilities of the wife, not imposed or recognized as to the husband, were repealed, except that the right to vote and hold office was not conferred upon her. And "for any unjust usurpation of her property or natural rights," she was declared to have the same right to appeal to the courts of law and equity for redress that the husband has. In that state she can hold property jointly with him, or separately from him. There would seem, therefore, to be no sound reason why, if in possession with him of property which rightfully belongs to another, she may not be jointly sued with him for its recovery. In the present case she claimed the larger part of the land in controversy as her separate property.

2. The second objection, that the decree of the state court in the suit by Ladd against the defendants does not bar the right of Aurelia to the property, is founded upon her supposed inability to mortgage her property to secure a debt of her husband under section five of article XV of the state Constitution, which declares "that the property and possessory rights of every married woman at the time of marriage, or afterwards acquired by gift, devise or inheritance, shall not be subject to the debts or contracts of the husband." But that clause merely preserves the property of the wife from its compulsory subjection to his debts or contracts. It was not designed to control her voluntary disposal of it, and in the absence of other restrictions she could mortgage it to secure the payment of a debt owing by him.

The objection, however, is entirely disposed of by the decree in the state court. The rights of the parties under the conveyance of the defendants to Ladd of January 17, 1877, were

fully considered. and determined in that case. The conveyance was adjudged to be a mortgage. The rights of the defendants in the property were foreclosed, and the property was ordered to be sold, and was sold, and the sale was confirmed by the court. The conveyance to Ladd as the purchaser at such sale transferred all the estate of the defendants in the property. The question as to her ability to mortgage the property cannot be raised again in this case; it has been finally adjudged against her present contention.

3. The two decrees in the suit in the state court do not conflict in the matters adjudged. The latter decree differs from the first merely in giving the boundaries of the property to be sold as one tract, and also the boundaries of each of the seven parcels into which it was divided. This addition to the original decree could be made by the court during the term in which that decree was rendered. The court could lose jurisdiction over it only by the adjournment of the term with no motion pending respecting it. When the second decree was made, it would, as stated by the learned district judge, have been a better course, "more orderly and convenient," as he expresses it, "to have referred to the first one, and stated in what particular the latter was intended to modify, supplement, or supersede the former." But this was not essential; a comparison of the two decrees discloses the additions made to the first one.

*Judgment affirmed.*