J. W. WILMOTT AND SOPHIA E. WILMOTT, HIS WIFE, APPELLANTS, VS. THE EQUITABLE BUILDING & LOAN ASSOCIATION, APPELLEE.

A writ of assistance to obtain possession of premises mortgaged, sued out by the mortgagee as the purchaser thereof at foreclosure sale, is a proceeding had on the final decree of foreclosure in the cause, and is subject to the statutory provision that "no process shall be issued or other proceeding had on any final decree or order until the same shall be signed and recorded" upon the minutes of the court.

This cause was decided by Division B.

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court. court.

*Jones & Jones* and *Massey & Baumgarten,* for Appellants.

*L. G. Starbuck,* for Appellee.

PER CURIAM.

This cause was referred by the court to its late commissioners for investigation who reported that the decree appealed from should be reversed for the reasons stated in this opinion which was prepared by them.

This is an appeal from an order of the Circuit Court of Orange county granting a writ of assistance to appellee in pursuance of a previous foreclosure sale to it of certain mortgaged premises, in possession of the appellants J. W. Wilmott and Sophia E. Wilmott, his wife.

The petition for writ of assistance alleged the rendition of final decree of foreclosure on July 5th, 1895, sale thereunder and purchase by petitioner, confirmation of the sale on August 5th, 1895, and the execution of a deed to the petitioner; that the appellants above named, by permission of petitioner, had continued to occupy the premises since the sale, because petitioner was unable to rent same; that demand had been made for possession, which they refused; that appellant J. W. Wilmott

claimed possession under a tax deed to one R. G. Dunwoody, as trustee for him, in pursuance of a sale for taxes of 1894, which was alleged to be void.

A sworn answer was filed by the Wilmotts admitting that they refused to surrender possession after demand of complainant as set out in the petition, and averring, among other things, "that sale in foreclosure to complainant was not valid and effective against these defendants because the proceedings under the decree of foreclosure and sale were had before the said decree was recorded, the said decree never since having been recorded."

No exceptions were filed to the abstract, and it affirmatively shows that the decree of foreclosure never was recorded.

Section 1448 of the Revised Statutes provides as follows: "Decrees in equity may be signed by the judge when pronounced and shall be recorded upon the minutes of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." This statute is mandatory in terms, and expressly prohibits the issuance of process, or other proceedings on any final decree or order, until signature and recordation thereof. It makes signature and recordation a full equivalent of enrollment under the English chancery practice, and limits the enforcement of the decree until those equivalent acts are performed. No court is authorized to disregard the mandatory language of a statute, and it follows that until signature and *recordation* of a final decree or order no proceeding can be had thereon. Taylor v. Gladwin, 40 Mich. 232; Minthorne's Executors v. Tompkins' Executors, 2 Paige,

52 S. C.

102; Clapp v. Thaxter, 7 Gray. 384. See, also, Hughs v. Washington, 65 Ill. 245. It is not necessary in this case to determine whether or not the foreclosure sale was absolutely void, or whether it could be supported by a subsequent recordation of the decree *munc pro tunc*, as there was no such recordation. It is clear that the granting of a writ of assistance was a "proceeding had" within the meaning of the statute, which the court was prohibited from taking, prior to recordation of the final decree.

The decree granting a writ of assistance is reversed and the cause remanded for such further proceedings as may be comfortable to equity practice and not inconsistent with this opinion.