UNITED STATES v. MEXICAN INTERNATIONAL R. CO.

(Circuit Court, W. D. Texas, San Antonio Division. July 2, 1907.)

No. 124.

1. CUSTOMS DUTIES—UNPAID DUTIES—INTEREST.
   Interest is recoverable by the United States on unpaid duties, where the amount due is liquidated and clearly ascertained and demand has been duly made on the importer.

2. SAME—INTEREST—PERIOD OF COMPUTATION.
   On the reliquidation of duties at a higher rate, interest on the additional amount assessed should be computed from the date of demand on the importer.

3. SAME—RATE OF INTEREST.
   Interest recoverable by the United States on unpaid duties should be computed at the rate allowed by the laws of the state into which the importation is made.

At Law. Action for unpaid duties.

For former proceedings in this case, see 151 Fed. 545.

Suit was brought by the government against the defendant to recover $3,876.60. with interest, for duties on the importation of merchandise known as "wool waste." The original entry of the merchandise was made July 25, 1903. and was classified as "waste" and of the dutiable value of $512, with a rate of duty of 10 per cent. ad valorem. The duty assessed of $51.20 was paid by the importer. On March 5, 1904, the collector reliquidated the entry, classifying the importation as "wool waste," and assessed the duties at 20 cents per pound, or $3,927.80. Suit was brought to recover this sum, less $51.20 paid by the importer pursuant to the original liquidation. The attorneys, representing the respective parties, have agreed that the government should have judgment for the amount sued for, to wit, $3,876.60. The defendant, however, denies that interest is recoverable; and that is the sole question submitted to the court for determination. As directly bearing upon that question, the attorneys have further stipulated that demand was made by the collector for the increased duties on March 5, 1904.

C. A. Boynton, U. S. Atty., and C. C. Cresson, Asst. U. S. Atty. Newton & Ward, for defendant.

MAXEY, District Judge (after stating the facts). The only question to be determined is whether the amount of duties as reliquidated by the collector of customs bears interest. The reliquidation was made March 5, 1904, and on the same day demand was made by the collector for payment, which was refused. If interest be recoverable, it must be apart from statutory authorization, as there is no statute applicable to the case before the court. But a satisfactory conclusion may nevertheless be reached. It must be noted that in the present case the amount due is liquidated and clearly ascertained, and that demand of payment was duly made of the importer.

On the subject of payment of interest it was said by the Supreme Court, in Young v. Godbe, 15 Wall. 565, 566, 21 L. Ed. 250:

"But as the case goes back for a new trial, it is proper to say a word upon the subject of interest, which seems more than anything else to be the chief point of difference between the parties. We can see no objection to the charge of the court on this subject. If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment. And if the account be stated, as the evidence went to show was the case here, interest begins to run at once.

"It is said there is no law in the territory of Utah prescribing a rate of interest in transactions like the one in controversy in this suit, and that, therefore, no interest can be recovered. But this result does not follow. If there is no statute on the subject, interest will be allowed by way of damages for unreasonably withholding payment of an overdue account. The rate must be reasonable. and conform to the custom which obtains in the community in dealings of this character."

In Erskine v. Van Arsdale, 15 Wall. 77, 21 L. Ed. 63, the court announced the rule applicable to the case in the following language:

"Where an illegal tax has been collected, the citizen who has paid it, and has been obliged to bring suit against the collector, is, we think, entitled to interest, in the event of recovery, from the time of the illegal exaction."

See, also, Redfield v. Iron Company, 110 U. S. 176, 3 Sup. Ct. 570, 28 L. Ed. 109; Redfield v. Bartels, 139 U. S. 700–702, 11 Sup. Ct. 683, 35 L. Ed. 310; United States v. Sanborn, 135 U. S. 271, 10 Sup. Ct. 812, 34 L. Ed. 112; Jourolmon v. Ewing, 80 Fed. 607–608, 26 C. C. A. 23. For collection of cases where interest was allowed although not authorized by statute, see H. & T. C. Railway Company v. Jackson, 62 Tex. 212 et seq.; Heidenheimer & Co. v. Ellis, 67 Tex. 426, 3 S. W. 666. The rule is thus stated by Mr. Justice Clifford in United States v. Hills, 4 Cliff. 618, s. c., Fed. Cas. No. 15,369:

"Whenever a debtor, whether a principal or surety, is in default for not paying money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which he has done him by such neglect. Van Rensselaer v. Jewett, 2 N. Y. 140, 51 Am. Dec. 275; Leggett v. Humphreys, 21 How. 75, 16 L. Ed. 50. Except where there is an express contract to pay interest, it is only recoverable as damages for the detention of the money which the party ought to pay. Abbott v. Wilmot, 22 Vt. 437; Evans v. Beckwith, 37 Vt. 285; Simmons v. Almy, 103 Mass. 36."

In 5 Enc. Pl. & Pr. p. 933, it is said that:

"The damages assessable in the judgment in an action of debt usually take the form of interest upon the amount found to be due."

And at pages 896, 897, of the same volume, speaking of the action of debt, it is said:

"The distinguishing and fundamental feature of the action of debt consists in the fact that it lies for the recovery of money, or its equivalent, in sums certain, or that can be readily rendered certain by actual computation."

But it may be objected that duties are not debts, and that an action of debt, or other similar remedy in jurisdictions where forms of actions have been abolished, does not lie for their recovery. The courts, however, have disposed of that contention. And it seems to be settled law (1) that duties, due upon imported goods, constitute a personal debt and charge upon the importer, as well as a lien on the goods themselves, and (2) that an action of debt lies in favor of the government against the importer, for the duties, whenever by accident, mistake, or fraud, no duties, or short duties, have been paid. Meredith v. United States, 13 Pet. 486, 10 L. Ed. 258; United States v. Lyman, 1 Mason, 482, s. c., Fed. Cas. No. 15,647; United States v. Hathaway, 3 Mason, 324, s. c., Fed. Cas. No. 15,326; United States v. Cobb (C. C.) 11 Fed. 76; State v. Williams, 8 Tex. 384; 24 Am. & Eng. Enc. Law, pp. 914, 915; Elmes' Law of the Customs, § 30.

In the case of United States v. Lyman, Fed. Cas. No. 15,647, Mr. Justice Story, citing authorities, used this language:

"And it has been repeatedly settled, both here and in England, that under such circumstances the duties are a debt accruing to the government from the time of the actual importation."

If, then, duties are personal debts against the importer accruing to the government from the date of the importation, why should not interest be added when the importer illegally withholds the principal sum due? We have seen (Erskine v. Van Arsdale, supra) that, in a suit against the collector to recover taxes illegally collected by him, the taxpayer is entitled to interest from the date of the illegal exaction, and this in the absence of a statute authorizing interest. Why, then, should not the same rule be applied to an importer who wrongfully withholds payment of duties after a reliquidation and demand made for the amount due? If interest be allowed in the one case, there appears to be no valid reason for denying it in the other.

While the court has been unable to find a case in which the question of interest on duties has been discussed, there are at least two decided cases in which interest has been allowed. United States v. Cobb (C. C.) 11 Fed. 76; Cheang-Kee v. United States, 3 Wall. 320, 18 L. Ed. 72. In the latter case the amount due the government for duties was $1,240.85, and the finding of the trial court was in the following words:

"As a conclusion of law, that the United States were entitled to a judgment for the balance due, with interest, amounting to $1,388.10, payable in coin, for duties, with costs."

The judgment was affirmed by the Supreme Court. In the Case of Cobb the court instructed a verdict in favor of the government for

$965.32, which included interest on the duties. In United States v. Koblitz (C. C.) 15 Fed. 900, suit was brought to recover the duties on about 62 tons of woolen rags at 12 cents per pound, amounting to $15,000, for which judgment was asked. On the trial the court instructed the jury as follows:

"The government is not entitled to interest on such unpaid duties. The amount of the recovery cannot exceed the amount claimed in the petition."

There was a verdict in favor of the plaintiff for $15,000. From an examination of the case the inference is fairly deducible that interest was not claimed in the petition; and for that reason it is thought the learned judge charged the jury that it could not be recovered.

Upon principle and authority the court is of the opinion (1) that duties should bear interest, and (2) that, in cases of reliquidation, where demand is made for payment, interest should be computed from the date of the demand.

It follows that judgment will be rendered in favor of the government for the sum of $3,876.60, with interest thereon at the rate of 6 per cent. per annum (the legal rate allowed by the laws of this state) from March 5, 1904.