## PENNSYLVANIA R. R. v. MONTGOMERY.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 313.

Courts ⬡⇒354—Judgment ⬡⇒298—Court has jurisdiction to correct judgment during term, to show dismissal was not on merits.

Common-law rule that all judgments are regarded as entered on first day of term, and

remain within power of court for all purposes until expiration of term, is rule of federal courts, regardless of practice of state courts, and court had jurisdiction to amend judgment of nonsuit, after its entry, to show that dismissal was not on merits, notwithstanding judgment was dated.

In Error to the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Action by Ida Montgomery, as administratrix, etc., of William Montgomery, deceased, against the Pennsylvania Railroad. An order was entered, granting plaintiff's motion to amend judgment, so as to show that dismissal was not on merits, and defendant brings error. Affirmed.

Harold J. Adams and Percy R. Smith, both of Buffalo, N. Y., for plaintiff in error.

Ward, Flynn, Spring & Tillou, of Buffalo, N. Y. (Dana L. Spring, of Buffalo, N. Y., of counsel), for defendant in error.

Before ROGERS, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. The plaintiff sued for the death of her intestate while an employee of the defendant as a brakeman upon its railroad, assigned to duty in Dunkirk, N. Y. The defendant denied liability, and the case was tried to a jury before Hazel, J., on November 24th, 1924. At the conclusion of the plaintiff's case the judge directed a nonsuit for insufficiency of proof. On December 5th the defendant entered a judgment of nonsuit dismissing the complaint, without stating that it was not dismissed upon the merits. On December 9th the plaintiff served a notice of motion, returnable December 15th, to amend the judgment, so that it should appear that the complaint was not so dismissed. The motion was granted, and on December 27th the judgment was amended as prayed by the plaintiff. The defendant assigns error that the court was without jurisdiction to amend the judgment when once finally entered, though it does not assign that the original judgment correctly expressed the court's decision.

At common law all judgments were regarded as entered on the first day of the term, and remained within the power of the court for all purposes until that term had expired. Cheong Kee v. U. S., 3 Wall. 320, 18 L. Ed. 72; Bassett v. U. S., 9 Wall. 38, 19 L. Ed. 548; Barrell v. Tilton, 119 U. S. 637, 7 S. Ct. 332, 30 L. Ed. 511. That remains the rule in federal courts, regardless of what may be the procedure in the state. In Jen-

kins v. Eldredge, Fed. Cas. No. 7,269, Justice Woodbury held that a decree in equity might be considered as final before the expiration of the term, if by agreement of the parties it was entered as of some particular day, or even if so entered without agreement. We need not inquire whether any such rule still applies as to decrees; so far as we know, it does not apply to judgments. Moreover, while the judgment of December 5th was dated, we have no reason to suppose that it was intended to be entered as of a particular day, any more than any other judgment entered during that term.

The order was clearly correct, and, as the point of jurisdiction alone is raised, the judgment must be affirmed.