OLIVIA TAYLOR THOMPKINS, *Appellant*, v. SHERMAN THOMPKINS, *Appellee.*

Division B.

Opinion Filed April 14, 1927.

1. A Master in Chancery is without authority to proceed to perform the functions designated in the order of appointment until such order shall have been filed and recorded, as is required by statute.

2. Testimony taken by and before a Master in Chancery prior to the date of the filing and recording of the order appointing him such Master in Chancery is without authority of law and is not entitled to consideration by the Court as a basis for a final decree.

An Appeal from the Circuit Court for Alachua County; A. Z. Adkins, Judge.

Reversed.

*W. S. Broome*, for Appellant;

*Zack H. Douglas*, for Appellee.

BUFORD, J.—In this case appellee filed bill for divorce against the appellant in which he sought not only to dissolve the bonds of matrimony but to have declared a resulting trust in himself the title to certain property, the legal

title to which was in the respondent. A decree *pro confesso* was entered and afterwards a Master was appointed. Testimony was taken and final decree was entered, as follows:

"This cause coming on to be heard before me upon the bill of complaint and the testimony, and the findings of the Special Master heretofore appointed herein, and counsel having been heard, upon motion of solicitor for complainant for a final decree, the Court finds that the complainant duly filed his bill in this cause and that the defendant was duly and regularly served with process and failed to file any pleadings herein, a decree *pro confesso* having been regularly entered against the defendant herein, the Court finds from inspection of the bill of complaint as aforesaid, the testimony and the findings of the Special Master, that the Court has jurisdiction of this cause and the equities of the cause are with the said complainant, Sherman Thompkins, and that he is entitled to the relief prayed for in and by the said bill of complaint.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore existing between the complainant, Sherman Thompkins, and the defendant, Olivia Taylor Thompkins, be and the same are hereby dissolved and declared henceforth null and void, and a decree of divorce *a vinculo matrimonii* is hereby decreed and entered between the said parties.

IT IS FURTHER ORDERED, ADJDGED AND DE-CREED that the complainant, Sherman Thompkins, do have and recover of and from the defendant, Olivia Taylor Thompkins, the North Half of Lot 6, Block 137, Foster's Addition to the Town of High Springs, Florida, the same being a lot 50 feet front on West 13th Street by 150 fronting on First Avenue, according to the plat of said Foster's Addition to the Town of High Springs, and that the said

defendant do hereby execute a good and sufficient deed to the above described property within 20 days from the date hereof. In the event the defendant, Olivia Taylor Thompkins, fails and refuses to execute such deed, then this decree shall become and operate as such deed conveying title to the said North Half of Lot 6, Block 137, Foster's Addition to the Town of High Springs, Florida.

Done and ordered in Chambers at Gainesville, Florida, this 1st day of June, A. D. 1926.''

Afterwards, and after notice, a petition was filed praying an order to vacate the final decree. The petition was denied. From the final decree and the order denying the petition to vacate the final decree, appeal was taken.

There were two assignments of error. The first was addressed to the action of the Court in entering the final decree dated June 1, 1926, and the second assignment of error was addressed to the action of the Court in denying respondent's petition to vacate the final decree. Disposition of the first assignment of error disposes of the second assignment of error.

The record shows that the order appointing the Special Master was made on the 20th day of October, 1925, by the Honorable A. Z. Adkins, Judge; that such order was filed in the office of the Clerk of the Circuit Court on the 1st day of June, 1926, and recorded in Chancery Order Book on the 4th day of June, 1926; that all the testimony was taken before the Master before the order was filed and · recorded.

Section 3137, Revised General Statutes of Florida, provides that ''Judges of the Circuit Court may appoint in writing from among the members of the Bar in such Circuit as many General Masters in Chancery as such Judges may find necessary and they shall continue in office until re-

moved by the Court. The appointment shall be recorded in the minutes of the Court."

Section 3151 provides that "the Court may appoint for any particular service required by it from among the members of the Bar of such Circuit in active practice Special Masters in Chancery who shall receive the same fees as General Masters and who shall be governed by all the provisions of law governing General Masters, except that they shall not be required to make oath and give bond, as required by Sections 3138 and 3141." Thus, we observe that the statute is mandatory requiring the recording of the order appointing a Special Master.

Section 3160, Revised General Statutes of Florida, as amended by Chapter 8574, Acts of 1921, is as follows:

"Signing and Recording of—Decrees in equity may be signed by the Judge when pronounced, and shall be recorded in the Chancery Order Book of the Court without any other enrollment. And no process shall be issued or other proceeding had on any final decree or order until the same shall have been signed and recorded as aforesaid."

This Court, in construing this statute as it was originally written when it required decrees to be recorded upon minutes of the Court, in the case of Wilmott *et ux.* v. Equitable Building & Loan Association, 44 Fla. 815, 33 Sou. 447, say:

"Decrees in equity may be signed by the Judge when pronounced and shall be recorded upon the minutes of the Court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." This statute is mandatory in terms, and expressly prohibits the issuance of process, or other proceedings on any final decree or order, until signature and recordation thereof. It makes signature and recordation a full equivalent of enrollment under the English chancery prac-

tice, and limits the enforcement of the decree until those equivalent acts are performed. No Court is authorized to. disregard the mandatory language of a statute, and it follows that until signature and recordation of a final decree or order no proceedings can be had thereon.''

The difference between the requirement of the original statute and the present statute is that under the original statute the decrees and orders were required to be recorded in the minutes of the Court, while under the amended statute they are required to be recorded in the Chancery Order Book. It therefore follows that a Master in Chancery is without authority to proceed to perform the functions designated in the order of appointment until such order shall have been filed and recorded, as is required by statute.

The action of the Master in taking and reporting testimony was without authority of law and was therefore not entitled to consideration by the Court as a basis for a final decree.

Without intimating whether or not the suit for divorce may be combined with the suit to have declared a resulting trust in real estate, we must hold that the final decree should be reversed because there is no lawful evidence before the Court to sustain the same. The decree *pro confesso* appears to have been lawfully and properly entered and no timely motion was made to vacate the same. The final decree is reversed with directions for such further procedure as is not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.

BROWN, J., concurring:

There may be cases where, both parties being present and proceeding with the taking of testimony before the Special Master without objection to the failure to record the order until after the testimony had been completed, both parties would be held to have estopped themselves from raising the objection. But I hardly think this doctrine could be applicable here; especially in view of the fact that it is a divorce proceeding. I therefore concur in the strict application of the law on that point, as well as in the remainder of the opinion.