FLETCHER SCOTT, *Appellant*, v. THE NATIONAL CITY BANK OF TAMPA, a Corporation, and ADJUSTMENT BUREAU, TAMPA ASSOCIATION OF CREDIT MEN, INC., a Corporation, *Appellees*.

En Banc.

Opinion filed November 14, 1929.

*Henry E. Williams* and *C. W. Lawrence, Jr.*, Attorneys for Appellant;

*McKay, Withers & Ramsey*, Attorneys for Appellees.

DAVIS, Commissioner:

The National City Bank of Tampa, one of the appellees, has filed its petition herein showing that the appellees (defendants in the lower court) filed separate demurrers to the bill of complaint; that petitioner's separate demurrer was heard January 19th, 1929, and that the court on the same day made an order, which we will hereafter refer to as the first order, sustaining the said demurrer and dismissing the bill of complaint as to said The National City Bank of Tampa; that on the same day the solicitor for said bank delivered said order to the clerk of the court with directions to file and record it in the Chancery Order Book and thereupon the order was duly filed and noted on the Chancery Progress Docket; that the said order was not directed to be included in the transcript of the record by the appellant; that the only order evidenced by said transcript is an order entered on February 11, 1929, which we will refer to as the second order, wherein it appeared that the demurrer of the two defendants was argued and that the "demurrers to the bill of complaint is sustained"; that the appeal taken on July 26th, 1929, more than six months after the entry of the first order was taken solely and only from the second order and all assignments of error are predicated solely upon said second order. The petitioner attaches to his petition as a part of it a certificate of the clerk and also an affidavit of a member of the firm of solicitors that handled the matter for the said bank. The clerk certifies that the said first order was filed and noted on the Chancery Progress Docket on "January 19, 1929," and further "that the failure to record the said order in the Chancery Order Book of my said court was solely due to oversight and inadvertence on the part of myself or my deputies." The affidavit states in substance that affiant was handling the demurrer for his firm consisting of five members; that the demurrer of his client was first heard, and the judge signed an order

sustaining it and dismissing bill as to his client before hearing argument on the demurrer of the other defendant; that thereupon affiant left the judge's chambers and delivered the order to the deputy clerk to be recorded; that he had no reason to think that the order had not been recorded and did not know that an appeal had been taken until appellant's brief was handed him by another member of his firm; that copies of the assignments of error, written directions to the clerk and transcript of the record were delivered not to him, but to a partner who did not know of the existence of the two separate orders, and petitioner suggests a diminution of the record and prays that a writ of certiorari be awarded directing the lower court to make a further return or supply the said paper that it may be included in the transcript.

"Decrees in equity may be signed by the judge when pronounced, and shall be recorded in the Chancery Order Book of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." Sec. 4948, Comp. Gen. Laws of Florida.

This statute differs from the original statute only in requiring orders to be recorded in Chancery Order Book instead of the minutes of the court, as required by the original statute. In Wilmott v. Equitable Building & Loan Association, 44 Fla. 815, 33 So. R. 447, this Court, in considering the statute before the change was made said: "This statute is mandatory in terms and expressly prohibits the issuance of process, or other proceedings on any final decree or order, until signature and recordation thereof. It makes signature and recordation a full equivalent of enrollment under the English Chancery practice,

and limits the enforcement of the decree until those equivalent acts are performed. No court is authorized to disregard the mandatory language of a statute, and it follows that until signature and recordation of a final decree or order no proceedings can be had thereon.''

In Tompkins v. Tompkins, 93 Fla. 844, the Court in an opinion by Mr. Justice BUFORD held ''that a master in chancery is without authority to proceed to perform the functions designated in the order of appointment until such order shall have been filed and recorded, as required by statute.''

In Grimsley et ux v. Rosenberg, 94 Fla. 673, this Court, adopting an opinion of Thomas, Circuit Judge, in referring to the final decree of foreclosure in that case, says: ''The final decree did not become effective until it was recorded in the Chancery Order Book.'' It was further stated in effect that the principle in that case and the case of Tompkins v. Tompkins, *supra*, was the same. See also Matilda Fiehe v. Householder Co., on rehearing, opinion filed October 17, 1929, 125 So. R. 2.

When the second order was made the first order had not been recorded. It was under the control of the court and could be vacated, altered or amended. 5 Enc. Pl. & Prac. 1046-7.

There is nothing before us to show that the lower court made an order which in express terms set aside, vacated, modified or superseded the first order, but if no such order was made it is our opinion this was done by implication when the second order was made. If there was any irregularity in procedure in the making of the second order, such a question is not before us. Nothing appearing to the contrary, the Court presumes that the action of the lower court in making the second order was correct and that the proceedings leading up to it were regular.

In Barrell et ux. v. Tilton, 119 U. S. 637, 30 L. Ed. 511, a situation similar to that in the instant case, arose when the court made and entered two final decrees a few days apart, and the Supreme Court, in an opinion by Mr. Justice FIELD, said: ''When the second decree was made it would, as stated by the learned district judge, have been a better course, 'more orderly and convenient,' as he expresses it, to have referred to the first one and stated in what particular the latter was intended to modify, supplement or supersede the former; but this was not essential.''

It being our opinion that the second order superseded the first order, we cannot see where anything can be accomplished by having the first order incorporated in the transcript.

The prayer of the petition for the issuance of a writ of certiorari should be denied.

· PER CURIAM.—The Court having considered the suggestion of diminution of the record and the petition for a writ of certiorari herein, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, having been adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the petition for the issuance of a writ of certiorari herein be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.