SANDERFORD *et al. v.* STATE.

(Division A. June 14, 1937.)

[174 So. 814. No. 32674.]

Rush H. Knox, of Jackson, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

E. R. Sanderford, Hobson Jones, and two other parties, were jointly indicted in the circuit court of Rankin county on a charge of grand larceny. Appellants, E. R. Sanderford and Hobson Jones, were jointly tried, convicted, and sentenced to serve a term of three years in the state penitentiary.

The testimony offered by the State, if believed, was amply sufficient to sustain the verdict; and there was no reversible error in the instruction to the jury to the effect that the appellants were guilty if they were present aiding, abetting, and assisting in feloniously taking, stealing, and carrying away the property in question. We think counsel for appellants is in error in the contention that there was no evidence of a conspiracy between these parties; but, if there were no conspiracy, the appellants would still be guilty if they were present and aided, abetted, and assisted in the commission of the crime.

Appellants also assign as error certain statements made by counsel for the State in his closing argument before the jury. The language complained of, as set forth in a special bill of exceptions, was as follows: "Gentlemen of the jury, Condia and Dillon are not on trial at this time. We have made inquiry about them and no one seems to know where they are. We therefore are inclined to believe that Condia and Joe Dillon have joined the Bird gang. They are gone to unknown part."

There was no evidence in the record that the co-defendants, Joe Dillon and George Condia, had joined the "bird gang," and flown to parts unknown; but, if such were the fact, the State, upon objection, would not have been permitted to prove it. Pulpus v. State, 82 Miss. 548, 34 So. 2. The acts done and declarations made by

one conspirator, after the completion or abandonment of the criminal enterprise, are inadmissible as evidence against a coconspirator. Lynes v. State, 36 Miss. 617; Simmons v. State, 61 Mass. 243. The above-quoted statements of the district attorney of facts not proved or provable in the trial of the appellants carried the clear intimation to the jury that the flight of the alleged coconspirators warranted the inference of their guilt, and the consequent inference of the guilt of all the alleged conspirators. We think the argument of counsel was prejudicial to the rights of appellant, and, for the error in overruling the objection thereto, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.