GEORGE FOSTER v. CLARENCE MAJOR COOPER

194 So. 331
Division B
Opinion Filed February 27, 1940

*G. B. Fishback,* for Appellant;

*Tilden, Hays & Walker* and *A. Edwin Shinholser,* for Appellee.

CHAPMAN, J.—The record here discloses that one Clarence Major Cooper on January 12, 1938, was injured in an automobile accident and filed his claim with the Florida Industrial Commission, and on August 1, 1938, an award was made to the claimant by the Commission. The respective parties perfected their appeals from the award of the

Industrial Commission to the Circuit Court of Osceola County, Florida, and the Honorable Millard B. Smith, Judge of said Court, after hearing the respective parties, made and entered an order dated April 19, 1939, affirming the award as made by the Florida Industrial Commission, with modifications not material to a decision here and wholly unnecessary to recite.

The judgment of affirmance as entered by the Circuit Court of Osceola County, Florida, on April 19, 1939, was filed with the Florida Industrial Commission at Tallahassee, Florida, on April 24, 1939, as prescribed by Section 27 of Chapter 18413, Acts of 1937, amending Chapter 17481, Acts of 1935, but was not filed with the Clerk of the Circuit Court of Osceola County, Florida, until December 6, 1939.

From the judgment of affirmance entered by the Circuit Court of Osceola County dated April 19, 1939, the appellant sued out in the lower court three appeals, viz.: (a) on May 16, 1939, returnable July 20, 1939; (b) on May 19, 1939, returnable July 5, 1939; and (c) on January 4, 1940, and returnable February 10, 1940.

Counsel for appellee filed in this Court a motion to dismiss the respective appeals and as grounds therefor, says:

"As to Appeal (a): Such appeal is returnable more than 90 days from the date of the judgment appealed from, contrary to the provisions of Section 5966 (27) Paragraph (b) Compiled General Laws of Florida, same being Section 27 (b), Florida Workmen's Compensation Act (as amended, 1937).

"As to Appeal (b): That the defendant had not filed in this Court on or before July 5, 1939, the return day of said appeal, a duly certified transcript of the record, and had not served the opposite party or his attorney with a

true copy of the certified transcript prior to such return date, as required by statute and the rules of this Court.

"As to Appeal (c): Such appeal is returnable more than 90 days from the date of the judgment appealed from, contrary to the provisions of Section 5966 (27), Paragraph (b), Compiled General Laws of Florida, same being Section 27 (b), Florida's Workmen's Compensation Act (as amended, 1937)."

It is admitted by counsel for the respective parties that at the time of the entry of appeals (a) and (b), as well as the return dates thereof in this Court, the judgment of affirmance entered by the Circuit Court of Osceola County, Florida, on April 19, 1939, had *not* been filed with the Clerk of the Circuit Court of Osceola County, but had been filed with the Industrial Commission at Tallahassee, Florida. The appellant failed to file in this Court a duly certified· copy of the transcript on or before the return dates of appeals (a) and (b), *supra*, but on February 12, 1940, a transcript of the record, including the judgment of affirmance as entered by the lower court and filed and recorded in the office of the Clerk of the Circuit Court of Osceola County, was filed in this Court.

Section 4857 C. G. L., in part provides:

"To Keep Records and Dockets.—He, (the Clerk of the Circuit Court) shall keep: Minute books, in which he shall keep regular and fair minutes of all the proceedings of the circuit court, and of the judge in term, which shall be signed by the judge before the adjournment of each term.

"A progress docket, in which he shall note the filing by each party to any cause, at common law or in equity, of any appearance, or pleading therein, and of any step taken in the clerk's office in connection with said cause, such

noting to be at the time of such filing and of taking such step.

"A default docket, in which shall be entered in full all defaults and final judgment by default taken in his office.

"A judgment and execution docket, in which, respectively he shall index all judgments rendered, in term time or vacations; and all executions issued thereon, stating therein the names of the parties, the amount of judgment and costs, and the date of rendition of the same, the page of the record upon which it shall have been entered and the date of the issuance of execution.

"A chancery order book in which shall be entered all orders and decrees taken in chancery, including those required to be signed by the judge exclusively."

It is settled law in Florida that a judgment in an action at law is rendered when it is entered or recorded in the Minutes of the court appearing in the office of the Clerk of the Circuit Court. See Pittsburgh Steel Co. v. Streety, 60 Fla. 183, 53 So. 505; Ellis v. State, 100 Fla. 27, 129 So. 106, 69 A. L. R. 783; State ex rel. Landis v. City of Auburndale, 121 Fla. 336, 163 So. 698, 699; Fawcett v. Weaver, 121 Fla. 245, 163 So. 561.

This Court, in the case of Dupree v. Elleman, 139 Fla. 809, 191 So. 65, when construing Chapter 18413, speaking through Mr. Justice WHITFIELD, said:

"The law does not require the judgment to be entered in any particular book, and the entry in one of the Clerk's official record books rather than another, when, as in this case, entry in a particular book was not ordered by the court, such record if erroneous does not affect the judgment, at least as between the parties."

Section 4948 C. G. L. required decrees in equity when signed by the judge to be recorded in the chancery order

book of the court without any other enrollment and that no proceedings may be had on any final decree or order until it is signed and duly recorded.

It is contended by counsel for the appellee that the affirmance order dated April 19, 1939, entered by the Circuit Court of Osceola County should be filed with the Industrial Commission as provided by Sub-section (b) of Section 27 of Chapter 18413 and from the date of the filing thereof with the Industrial Commission the thirty days allowed within which to take an appeal begins to run. If this contention is sound, then the appeals herein designated as (a), (b) and (c) necessarily must be dismissed. If this reasoning is sustained, we are compelled to disregard and ignore Section 4857 and 4948 C. G. L. and the many decisions of this Court upholding these sections of the statute.

If Sub-section (b) of Section 27 of Chapter 17481 as amended by Section 12 of Chapter 18413, Acts of 1937, can be construed or interpreted to mean "a certified copy of " the compensation order as affirmed, modified or reversed by the Circuit Court shall be filed in the office of the Industrial Commission and shall become final unless reversed or modified by the Supreme Court upon an appeal *taken within thirty days* after the entry of the judgment of the Circuit Court, then the statutes, *supra,* and decisions of this Court thereon can or will be preserved and a practical construction placed on sub-section (b) of Section 27, *supra.* It was not the intention of the Legislature in the enactment of Chapter 18413, *supra,* to repeal, modify or render inoperative Sections 4857 and 4948, but to assign to each an intelligent, reasonable and practical field of operation.

When we read into sub-section (b) of Section 27 of Chapter 18413, Acts of 1937, the words "a certified copy of," and apply the rule so adopted to the motion to dismiss,

it follows that the appeal designed herein as (c) *supra,* was taken from the affirmance order of the Circuit Court of Osceola County dated April 19, 1939, and filed and recorded in the Clerk's office of Osceola County, Florida, on December 6, 1939, and the appeal being taken on January 4, 1940, was less than the thirty days allowed for such appeals by sub-section (b) of Section 27, Chapter 18413, *supra.* While the transcript lodged in this Court bears the file mark of February 12, 1940, and the return day of the appeal is February 10, 1940, and no point being made thereon by counsel, the same will be disregarded in this opinion.

The motion to dismiss appeals designated as (a) and (b) is granted but denied as to the appeal designated as appeal (c).

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.