**WINN & LOVETT GROCERY COMPANY, a corporation, v. M. W. LUKE.**

24 So. (2nd) 310                                    June Term, 1945
December 4, 1945                                       Division B
Rehearing denied Jan. 8, 1946

*Howell, McCarthy, Lane & Howell, Charles Cook Howell, Edward McCarthy, Jr.,* and *Charles Cook Howell, Jr.,* for petitioner.

*Will O. Murrell,* for respondent.

BROWN, J.:

This case is before us on a petition for the issuance of the common law writ of certiorari to review a judgment rendered by Circuit Court Judge Bayard B. Shields, one of the Judges of the Fourth Judicial Circuit, affirming a judgment of the Civil Court of Record of Duval County.

According to this transcript, the verdict of the jury was rendered on April 17, 1945, and the judgment of the Civil Court of Record was entered on May 15, 1945, whereas the appeal to the Circuit Court was entered and taken on May 11, 1945, four days before the judgment of the Civil Court of Record was entered, and three days before the motion for new trial was denied on May 14, 1945. So the appeal was taken

prematurely. Doubtless the trial judge had previously orally stated that motion for new trial would be denied and judgment entered, but the record does not so show. Furthermore, it would not have availed petitioner anything, as the law is well settled that a judgment is not effective, at least for purposes of appeal, until it is entered on the court's minutes or other official record of the court's actions. That this error in taking a premature appeal was due to a misunderstanding on the part of the able counsel for both parties is shown by the language of the notice of appeal, filed May 11, 1945, wherein it is stated that the appeal is taken from the judgment rendered on April 17, 1945, whereas no judgment was entered, according to this transcript, until May 15, 1945.

As far back as the case of Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290 this court held that the judgment of a court must appear from its record, and in the absence of such record the appellate court can neither affirm nor reverse. In Ellis v. State, 100 Fla. 27, 129 So. 106, 69 A.L.R., 783, it was held that until a judgment is entered of record, there is no competent evidence of its rendition. And in the case of Foster v. Cooper, 142 Fla. 148, 194 So. 331, this Court, speaking through Mr. Chief Justice CHAPMAN, said: "It is settled law in Florida that a judgment in an action at law is rendered when it is entered or recorded in the minutes of the Court," etc., citing a number of cases. See also State v. City of Auburndale, 121 Fla. 336, 163 So. 698, Cates v. Hefferman, 154 Fla. 422, 18 So. (2nd) 11; and 4 C.J.S. 936.

The main contention of petitioner is that the Circuit Court's judgment of affirmance should be quashed, because the appeal from the Civil Court of Record's judgment was heard and decided by only one of the Circuit Judges at a time when there were five judges of said court, whereas under section 26.54, F.S. 1941, the appellate jurisdiction of a Circuit Court having more than four judges shall be exercised by the judges of such court sitting in divisions. (See also chapters 20309 and 20361 Laws of 1941). Also, that the Circuit Judge was in error in holding that the plaintiff in the Civil Court of Record was entitled to recover punitive damages. Of course if the first contention is correct, the second need not

be considered. But our view is that the appellate jurisdiction of the Circuit Court was never effectively invoked for the reasons already stated—that there was no judgment of the trial court in existence when the appeal to the Circuit Court was taken.

However, the contention that this case could not be considered and decided by the Circuit Judge, assuming that the appeal was effectively taken, raises a somewhat debatable question, because the appeal was submitted to and judgment rendered by one Circuit Judge without objection from either party, this question not having been raised until appellant's motion for rehearing was filed about thirty days later. This motion alleged that Hon. Claude Ogilvie was commissioned as a judge of said circuit court on June 7, 1945 (as authorized by chapter 22618, Laws of 1945), whereupon said court had more than four Circuit Judges; that the appeal was taken May 9, 1945, and was returnable June 29, 1945, and was actually lodged in the Clerk's office on June 27, 1945, and that therefore the appellate jurisdiction of the court could not have been exercised by one Circuit Judge, as was done in this case. This motion for rehearing was denied by Judge Shields.

Of course jurisdiction of the subject matter cannot be conferred by consent or failure to object, but the statute requiring circuit courts having more than four judges to sit in divisions in the exercise of appellate jurisdiction contemplates that a reasonable time should be allowed for the formation of such divisions. In this instance the Circuit Court, acting through its five circuit judges took formal action on Sept. 1, 1945, and created the two divisions for appellate work contemplated by Chapter 20309, Laws of 1941, and Section 26.54, F.S. 1941; meanwhile, on August 6, 1945, the judgment of affirmance was entered by one of the Circuit Judges, Judge Shields, to whom this appeal, taken on May 11, 1945, had been submitted. This appeal was attempted to be taken to the Circuit Court before the act authorizing the additional Circuit Judge became a law. If it was effective at all, appellate jurisdiction of the case at the time of the attempted appeal vested in some one of the judges of the Circuit

Court at a time when any one of the judges could lawfully dispose of an appeal, and it is questionable that the commissioning of an additional Circuit Judge about two months thereafter would have required the formation of the court into divisions before this appeal, even if it had been effective, could have been heard and disposed of. See in this connection Goodkind v. Wolkowsky, 151 Fla. 61, 9 So. (2nd) 553. The case of Western Casualty & Surety Co. v. Rotter, 139 Fla. 854, 191 So. 78, did not deal with a situation like this, and involved a different statute. We have no criticism to make of the opinion in that case.

In view of the unusual situation here presented, this writer has reviewed this record, and if Judge Shields had jurisdiction to decide this appeal, we find in his judgment of affirmance no departure from the essential requirements of the law, and hence no ground for quashing his judgment. But our view is that as this appeal was taken from the Civil Court of Record before its judgment had been entered, the Circuit Court never acquired jurisdiction to either affirm or reverse such judgment.

The Petition for Certiorari must therefore be and is hereby denied.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.

ON PETITION FOR REHEARING

BROWN, J.:

This case is again before us this time on a petition for correction of record and former opinion and for a rehearing.

In our former opinion, which was filed on December 4, 1945, it was stated that, according to the transcript which had been filed in this case, the judgment of the Civil Court of Record was entered May 15, 1945, whereas the appeal to the Circuit Court was taken on May 11, 1945, four days before the judgment of the Civil Court of Record was entered. Counsel for petitioner has furnished us with a certificate from the Clerk of the Civil Court of Record which shows that the judgment of the Civil Court of Record was actually entered on April 17, 1945. Counsel has also furnished us a certificate signed by the Judge of the Civil Court of Record on Decem-

ber 10, 1945, to the effect that the motion for a new trial was filed by the defendant, petitioner here, on April 20, 1945; that on May 1, 1945, said motion was argued by counsel and considered by the court, and denied by the court on the same day, and that the Judge wrote on the face of the motion: "Deny. Stay execution to May 11th." (This order does not appear to have been entered on the minutes.) That on May 14, 1945, the Judge of said court wrote upon the face of said motion the following language: "Motion denied. This May 14th, A.D. 1945, Burton Barrs, Judge." This last order was entered on the minutes of the court, as shown by the original transcript, and this fact was stated in our original opinion.

The Clerk of the Circuit Court also certifies that the foregoing certificate of the trial judge was filed in his office on December 11, 1945, and made a part of the record of this case in the Circuit Court.

It thus appears that the verdict of the jury and the judgment of the Civil Court of Record were both entered on the minutes of said court on April 17, 1945, and that the denial of the motion for new trial was entered on the minutes on May 14, 1945. Therefore the appeal to the Circuit Court, which was entered and taken on May 11, 1945, was not taken prematurely, in so far as the judgment is concerned, but was taken within the 60 day period allowed by the statute from the entry of the judgment, and the record on appeal will accordingly be deemed to have been corrected in that respect so as to show that the judgment was entered on April 17, 1945. We are authorized so to do by our Supreme Court Rule 11, paragraph (8) sub-paragraph s (b) and (c).

But the record, even as thus supplemented, still shows that the order denying the motion for new trial was not entered on the minutes until May 14, 1945. Thus the record fails to show that the motion for new trial had been acted upon by the Judge of the Civil Court of Record at or prior to the time the appeal to the Circuit Court was taken on May 11, 1945. Thus jurisdiction of the case had vested in the appellate court when the order denying the motion for new trial was entered on the minutes of the trial court.

The general rule is that a trial at law is not concluded, although there be verdict and judgment, until the motion for a new trial thereof, lawfully interposed, is disposed of. Worrell v. Ford, 90 Fla. 571, 107 So. 183; McCellan v. Wood, 78 Fla. 407, 83 So. 295; Talley v. McCain, 128 Fla. 418, 174 So. 814.

But we have also held that the entry of a motion for new trial does not prevent the entry of a judgment on the verdict, Rehfield v. Moore, 76 Fla. 378, 80 So. 52, and where, in a common law action, a verdict in favor of plaintiff is returned by the jury, judgment may be entered on such verdict and execution may be issued and enforced whether a motion for new trial by the defendant remains undisposed of or not, unless the Judge by a special order, stays, suspends, or supersedes the entry of judgment on the verdict or the issuance or enforcement of execution thereon. Hazen v. Smith, 101 Fla. 767, 135 So. 813.

We have also held that when a motion for a new trial is duly made in time, or is duly made and presented after adjournment of the term pursuant to the statute, the court is, for the purpose of hearing and determining such motion, regarded as continuing in session until the motion is disposed of. Adams v. Wolf, 103 Fla. 547, 137 So. 705; DeSota Holding Co. v. Boyer, 85 Fla. 517, 97 So. 205. And we have also held that when, after the court term has expired, the Judge disposes of a motion for new trial at a later day, he then holds a term of court with reference to that particular case for the purpose of disposing of the motion. Hazen v. Smith, supra. And the entries of the clerk in the minutes made in obedience to the orders of the court are in effect the entries of the Judge himself. McGeen v. Ancrum, 33 Fla. 499, 12 So. 231.

Motion for a new trial and a ruling thereon are necessary to question the sufficiency of all the evidence to sustain the verdict. Florida cities Bus Co. v. Lewis, 107 Fla. 248, 146 So. 96; Osceola Fertilizer Company v. Beville, 86 Fla. 478, 98 So. 354; St. Andrews Bay Lumber Company, v. Bernard, 106 Fla. 232, 143 So. 159; Gilbert v. State, 148 Fla. 293, 4 So. (2nd) 330, and cases cited. Entry of judgment is not equivalent to an order over-ruling motion for new trial for the

purpose of reviewing errors committed at the trial. Southard v. Johnson, 118 Fla. 713, 160 So. 2.

But a motion for a new trial is not essential to a consideration and review of asserted errors, duly excepted to and assigned, which covers matters other than the sufficiency of the evidence to sustain the verdict. Holstun & Son vs. Embry, 124 Fla. 554, 169 So. 400; Palmer v. State, 106 Fla. 237, 143 So. 126, 145 So. 69; Greenblatt v. Bizell Dry Good Company, 85 Fla. 83, 95 So. 302.

We have already observed in our original opinion that in view of the unusual situation here presented we have reviewed this record, and our view is that even if it is conceded that the Circuit Court, acting through Circuit Judge Shields, had jurisdiction to decide whether or not the trial court erred in denying the motion for new trial, being the only question raised by the assignments of error, we find no departure from the essential requirements of the law in his action in affirming the judgment of the lower court.

The petition for rehearing is accordingly denied and our former judgment denying the petition for certiorari is adhered to.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.