LAURIE PEACOCK MAGNANT, Joined by her husband and next friend, FRANKLIN J. MAGNANT, v. ALBERT V. PEACOCK, ARTHUR S. PEACOCK, WALTER C. PEACOCK, and JEAN O. PEACOCK.

24 So. (2nd) 314                                    June Term, 1945
December 14, 1945                                        Division B

*H. H. Taylor,* for appellants.
*Morrow & Mayes,* for appellees.

BROWN, J.:

This case is before us on motion to dismiss an appeal from a decree rendered by the Circuit Court of Dade County. The motion to dismiss alleged that the decree appealed from was dated June 6, 1945 and that the entry of appeal was not filed with the clerk of the Circuit Court of Dade County until August 6, 1945, thus indicating that sixty one days had elapsed from the date of the decree until the filing of notice of appeal. However, since the motion was filed, this court has been furnished with a supplemental certificate by the clerk of said Circuit Court showing that while the dismissal of the bill in this case was dated June 6, 1945, and was filed on that day, it was not actually recorded in the chancery order book until the next day, June 7, 1945. The clerk also certifies that the plaintiffs in the court below, appellants here, filed their notice and entry of appeal in the Clerk's office on August 6, 1945.

Section 67.03 FSA 1941, provides that appeals in chancery, including petitions for review by certiorari or proceedings in the nature of certiorari, "shall be taken and filed within sixty days from and after the entry of the order, decision, judgment or decree appealed from." Thus, under the language of the statute, an appeal is taken in time if it is filed in the clerk's office within the 60 day period after entry of the

order or decree appealed from, as set forth in the statute, even though the clerk fails to record the notice of appeal until after the sixty day period has expired. The filing in the proper clerk's office of notice of appeal within the 60 day period complies with the language of the statute. See Wildwood Crate & Ice Co. v. Citizens Bank of Inverness 98 Fla. 186, 123 So. 699. In that case it was held that this court acquired jurisdiction of the *subject matter* of an appeal by the filing of the notice of entry of appeal within the period allowed by law, in the office of the clerk of the Circuit Court, and that a failure to properly record the same in the chancery order book would affect only the jurisdiction of this court over *the person* of the appellee. It was further held that where a motion to dismiss an appeal was not confined strictly to jurisdictional grounds, but contained other grounds which recognized the jurisdiction of this court over the person of the appellee, such motion amounts to a general appearance of this court, even though the notice of appeal, which had been properly filed in time, had not been recorded at all. However, this feature of the matter is disposed of by Paragraph (c) of Supreme Court Rule 2, which reads as follows:

"(c) *Notice of Appeal. Effect of Filing.* The filing of the notice of appeal with the Clerk of the Court whose order judgment or decree is appealed from shall give the Appellate Court jurisdiction of the subject matter and of the parties to the appeal, but it shall nevertheless be recorded in the minutes of the court whose order, judgment, or decree is appealed from."

The reason why the time for taking an appeal only begins to run from the date of the entry and recording of the court's order, judgment or decree, is that it is well settled in this state that a judgment or decree is only rendered when it is entered or recorded in the minutes of the court, which in the case of orders and decrees in chancery would mean the chancery order book, which is really the minute book of the Circuit Court when acting in the exercise of its equity jurisdiction. The general rule in this state has long been that a court of general jurisdiction speaks through its record, and that until the judgment, order or decree is entered of record

there is no competent evidence of its rendition. See Ellis v. State, 100 Fla. 27, 129 So. 106, 69 A.L.R. 783; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Foster v. Cooper, 142 Fla. 148, 194 So. 331; Winn & Lovett Grocery Co. v. Luke, decided at the present term but not yet reported.

Another ground of the motion to dismiss is that the appellants have not filed a transcript of the record in this court within the time required by the rules. Appellants have filed an answer to the motion to dismiss, not only setting out the date of *the entry* of the decree appealed from (June 7, 1945). but alleging that the delay in preparing and filing transcript was due to the fact that counsel believed that a settlement could be arrived at between the parties which would make the perfecting of the appeal by filing transcript unnecessary, and that since efforts in that regard have failed, they ask that the court grant them an extension of time for filing such record to December 20, 1945. This motion was filed December 8th.

Under all the circumstances, including the delay occasioned by securing a supplemental certificate by the clerk as to the date when the decree appealed from was entered, we think this motion for additional time in which to file transcript should be and is hereby granted.

For the reasons above set forth, the motion to dismiss the appeal in this case is denied.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.