SEBRING, Justice.
Thelma Robson Barry, as administratrix, filed her petition for certiorari in this Court to review two interlocutory orders entered against her as a defendant in an equity proceeding in the court below. The respondents, who were, plaintiffs below, have moved to quash the petition on the ground that the petition was not filed within sixty days from the date of either order sought to be reviewed. ,. , ...
The record reveals that the petitioner seeks review of an order of the lower court dated February 13, 1953, granting a temporary restraining order to the plaintiffs,-and an order dated February 26, 1953, denying the motion of the defendant to dissolve the temporary restraining order. The latter order was filed-and recorded in the office of the clerk on February 27, 1953. - The petition for certiorari which sought review1 of these orders was filed in this Court on April 28, 1953. This was 61 days after the day that the orde'r denying the motion to dissolve the injunction was dated, but only 60 days after the day that the order was entered of record.
The question for decision is whether under -the controlling statutes or Supreme Court Rules governing the matter the petition for certiorari filed here on April 28; 1953, was filed in time.
Section 59.01, Florida Statutes 1951, F¿ S.A., provides that Chapter 59 óf the Florida Statutes “shall be applicable to appeals *740 to the supreme court of Florida, except where inconsistent with supreme court rules, which rules shall apply in case of inconsistency.”
Section 59.08, Florida Statutes 1951, F. S.A., provides that “Appeals, including petitions for review by certiorari, or proceedings in the nature of certiorari, shall be taken o'r filed within sixty days from and after the entry of the order, decision, judgment, or decree appealed from.” Supreme Court Rule 28, 30 F.S.A., prescribes that “Application for writ of certiorari shall be by petition filed in this Court within sixty days from the date of the * * * order * * * sought to be reviewed.”
Since a judgment or order is the means by which a court renders its decision, the “date of the * * * order” as used in provisions 'requiring that application for review be made within a certain number of days from the date of the order appealed from, means the effective date, or date o'f rendition. Freeman on Judgments, Vol. 1, Ch. 1, 5th ed. Kyle v. Wiley, D.C.Mun.App., 78 A.2d 769. And whatever the rule may be elsewhere, it is now settled in this jurisdiction that an order or judgment is rendered only when it has been entered or recorded in ,the minutes of the court appearing in the office of the clerk of the circuit court. “The general rule in this state has long been that a court of general jurisdiction speaks through its record * * *.” Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314, 315. “The law is well settled that a judgment is not effective, at least for purposes of appeal, until it is entered o,n the court’s minutes or other official record. * * * Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310, 311. And “it is settled law in Florida that.a judgment * * * is rendered when it is entered or recorded in the minutes of the court * * *.” Foster v. Cooper, 142 Fla. 148, 194 So. 331, 332.
Consequently, although section 59.-08, supra, provides that appeals including petitions for review by certiorari, .or proceedings in the nature of certiorari, shall be taken or filed within 60 days from and after the entry of an order or judgment, while Supreme Court Rule 28 provides that such proceeding shall be begun within 60 days from the date of the order or judgment, there is no substantial conflict between the terms of the statute and the rule as respects the time within which an appeal may be taken. Therefore, where, as in the case at bar, a petition for certiorari is filed within 60 days from the day the order sought to be reviewed is recorded in the minutes of the court appearing in the office of the clerk of the circuit court, it must be held that the petition is filed in compliance with the statutes and rules prescribing the time within which appeals must be taken, and that such petition will not be subject to dismissal on the ground that the petition was not filed in time.
The motion to dismiss the petition for certiorari should be denied.
It is so ordered.
• ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur. ■