MATHEWS, Justice.
This is on a motion to dismiss a petition for writ of certiorari.
It appears that a hearing was had before the Florida Industrial Commission on January 11, 1954. After the hearing an order was made, which was dated January 11, 1954, remanding the cause to the Deputy Commissioner. There is a certificate in the record signed by the Director of Workmen’s Compensation Division of the Florida Industrial Commission that the order of the full Commission was entered in the *666 docket book on February 4, 1954. A copy of the order remanding the cause was mailed to the interested parties on February 4, 1954. The petition for writ of certiorari was filed in this Court on April 3, 1954. The ground of the motion to dismiss the petition for writ of certiorari is that this Court has no jurisdiction over the cause due to the fact that the petition for writ of certiorari was not filed within the time prescribed by the governing law and rules of this Court.
F.S. Section 440.27, F.S.A., provides that the orders of the Commission shall be subject to review by petition for writ of certiorari filed in this Court within thirty days from the date the (copy of) order sought to be reviewed was mailed to the parties at the last known address of each. This statute was nothing more than a rule with reference to the manner and time of filing a petition for writ of certiorari in this Court to review an order of the Florida Industrial Commission. It was superseded by the amplification of Rule No. 28 governing common law writs of certiorari.
This Court in the case of Wilson v. McCoy Mfg. Co., Fla., 69 So.2d 659, 663, adopted additional Rule 28(e), wherein it was provided:
“ ‘(e) Orders of the Florida Industrial Commission entered pursuant to Section 440.25, Florida Statutes 1951, as amended by Section 8, Chapter 28241, Laws of Florida, Acts of 1953, shall be reviewed only by writ of cer-tiorari pursuant to Section 5, Article V of the Constitution upon a petition filed in this Court within sixty days from the date the order sought to be reviewed was entered.’ ”
The order sought to be reviewed in this case was dated January 11, 1954, but was entered on February 4, 1954. The date of signing or mailing of a copy of the order is not the controlling date. The date the order was entered is controlling.
As a matter of orderly and efficient procedure, copies of such orders showing the 4ate of entry should be sent to the interested parties immediately after they are made and entered because the date of entry fixes the time within which a petition for certiorari to review the same can be filed in this Court. It is important that interested parties pay particular attention to the date of the entry of such orders and file their petitions within the time allowed from such date.
The petition for certiorari in this case was filed within the time prescribed by the rules of this Court, and the motion to dismiss the petition for writ of certiorari should be, and the same is, hereby denied.
THOMAS, Acting Chief Justice, and HOBSON and DREW, JJ., concur.