DREW, Justice.
A motion has been made to dismiss this appeal on the ground that the notice of appeal which was filed April 15, 1954 was not filed within sixty days after the entry of the summary judgment appealed from.
The record before us shows that the summary judgment appealed from was dated February 11; 1954, was filed in the office of the Qerk of the Circuit Court of Dade County on the 11th day of February 1954, and its filing with the Clerk was noted in the Progress Docket on February 11, 1954. The record further shows, however, that such summary judgment was not recorded in the minutes of the Circuit Court until the 15th day of February 1954.
*70 'An appeal from a final judgment at law must be taken “within sixty days from and after the entry of the * * * judgment * * * appealed from.” Sec. 59.08, F.S.1951, F.S.A. So far as appellate jurisdiction is concerned, the date of the signing of the judgment by the Circuit Judge or the date the same is filed in the Clerk’s office or the date the same is noted in the Progress Docket is of no consequence. The time begins to run from the effective day of the judgment and that is the day it is actually entered, that is to say, recorded, in the Circuit Court minute book. See Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310, 311. The same rule applies to appeals from final decrees in Chancery, the only difference being that Chancery decrees are required to be entered, that is, recorded, in the Chancery Order Book. See Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314, 315, and the cases there cited; Barry v. Robson, Fla.1953, 65 So.2d 739, 740. Compare, as to writs of certiorari in compensation cases, American Airmotive Corporation v. Stutz, Fla., 72 So.2d 665.
The motion to dismiss is denied.
ROBERTS, C. J., and HOBSON and MATHEWS, JJ., concur.