83 So.2d 265 (1955)
Edna BERKENFIELD, as Administratrix of the Estate of Arthur Jacobs, Deceased, Appellant,
v.
Rosa Chanton JACOBS, Appellee.
Supreme Court of Florida. Special Division B.
November 9, 1955.
French & Skolnick, Miami, for appellant.
J. Harvey Robillard, Miami Beach, and Myers, Heiman & Kaplan, Miami, for appellee.
*266 THOMAS, Justice.
The appellant, as administratrix of the estate of Arthur Jacobs, entered an appeal from an amended final order of the chancellor vacating a final decree granting Arthur Jacobs a divorce from the appellee, Rosa Jacobs.
The suit was instituted by the appellee-wife and the husband filed a cross-complaint. Upon considering the testimony relevant to the issues formed by the pleadings the chancellor ruled in the husband's favor. No alimony was sought so none was allowed. Exactly nine months elapsed between the date of the marriage and the date of the final decree.
The final decree was signed 21 June 1954 and afterwards, sometime between 10:08 and 11:35 that morning, Arthur Jacobs died in the chancellor's chambers. Evidently the decree had been sent to the clerk's office before Arthur Jacobs died and it was filed there at 10:16 in the morning that day. It was recorded the following day. So if the decree could not have become effective until its recordation, the appellee is the widow of Arthur Jacobs; if, on the other hand, the decree was effective as to the parties when the chancellor signed it, the appellee became a grass widow. The difference between the two in material considerations may be measured by the worth of Arthur Jacob's estate. Certainly, no sentiment was involved for each had asked the court to be freed forever from the other.
The chancellor held that the decree had not become effective because death came to Arthur Jacobs before the decree was recorded, therefore, he set it aside and dismissed the cause. If he was correct in his conclusion about the time the decree became operative, his order of vacation and dismissal was proper because a marital relationship, being purely personal, terminates upon the death of either spouse, and a suit for dissolution of a marriage cannot survive the death of either party. Price v. Price, 114 Fla. 233, 153 So. 904.
The statute on the subject has the provision that "[d]ecrees in equity may be signed by the judge when pronounced, and shall be recorded in the chancery order book of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." Sec. 62.16, Florida Statutes 1953, and F.S.A.
More than fifty years ago, when the last sentence of the statute read precisely as it does now, this court held that the language of that sentence was mandatory and that no process or other proceedings could be based on a decree until its recordation. Wilmott v. Equitable Building & Loan Ass'n, 44 Fla. 815, 33 So. 447. It appears from the opinion in that case that an attempt had been made to secure a writ of assistance in a foreclosure proceeding before the final decree had been recorded. Such a writ, said the court, was a "`proceeding had'" in violation of the statute. A quarter century later this court ruled that a special master had no authority to hear testimony before the order appointing him was recorded in the chancery order book. Thompkins v. Thompkins, 93 Fla. 844, 112 So. 766. And the same year we decided that a master's sale was improperly confirmed because the notice of publication had not appeared for the period required by the final decree inasmuch as the notice appeared nine days before the final decree was recorded; and we said that "[t]he final decree did not become effective until it was recorded in the chancery order book." Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553, 555.
But in the cases we have cited, a proceeding was "had on [the] final decree or order." Sec. 62.16, supra.
There can be no doubt from the language of the statute that a final decree becomes effective when recorded if it is to form a basis for subsequent process or proceedings, and so we have come to accept the rule that all decrees are effective when recorded. Doubtless they are, but we must now decide whether or not they are effective only when recorded even in the absence of any further steps in the cause.
*267 In the instant case there was evidently no occasion for process or any further proceeding. No requirements of alimony or provision for custody were to be enforced. Costs and attorneys' fees were not mentioned. The chancellor had rendered a decree dissolving the relationship of marriage, a relationship, as we have said, that was purely personal. That was all.
Can it be declared that no such final decree has efficacy until it is recorded despite the lack of any provision requiring future action? Of course, the decree is required to be recorded as the one in this case eventually was, but can it be said that all decrees are ineffective for all purposes until they are recorded? To answer our rhetorical questions we explore the origin of the statute and its purpose.
The first statute of similar import to which we have been directed was enacted by the territorial legislature in 1828. It read:
"`Be it further enacted, That every final decree shall be made up and engrossed by the clerk of the court, and be signed by the judge of the court in which it was pronounced at any time upon request of the party plaintiff or his solicitor after the expiration of thirty days from the time of pronouncing the decree, unless it shall have been appealed from or a petition for a rehearing shall have been presented within the said thirty days, and no process shall be issued or other proceedings had on any final decree or order until the same shall have been engrossed and signed as aforesaid, and filed in the clerk's office; * * *.'" (Italics supplied.)
Approved November 7, 1828, Laws of Florida Prior to 1840. (Duval) p. 135.
So a decree could be put into legal form by the clerk and signed by the judge at any time after thirty days from its pronouncement unless there was an appeal or petition for rehearing within that time which, we understand, would suspend the right to have the decree engrossed and signed; also the process and other proceedings on the decree were held in abeyance until engrossing, signing by the judge, and filing with the clerk had been accomplished.
Four years later an amendatory law was enacted requiring all final decrees to be pronounced in open court. Laws of Florida Prior to 1840. (Duval) p. 138.
From Thompson's Digest, Laws of Florida, (1847) p. 461, we find the statute still contained the provision that "no process shall be issued, or other proceedings had on any final decree or order until the same shall have been engrossed and signed as aforesaid, and filed in the clerk's office." (Italics supplied.) This language is the same as that which appeared in the Act of 1828, and it is similar to the present law, with reference to the effective date for such process and other proceedings, except that now the effective date for such purposes is the time of signing and recording instead of the time of signing and filing.
We come to McClellan's Digest, Laws of Florida, 1881, Chapter 16, Sections 44 and 45, in which it was provided that decrees could be signed when pronounced and which contained the now familiar inhibition against process and other proceedings until the decree was signed and filed.
The provisions of Section 1448 of the Revised Statutes of Florida, 1892, are identical with the present one, Sec. 62.16, supra, except that recordation then was required to be made in the court minutes while now it is made in the chancery order book. And at that point reference to "engrossing" and "filing" disappeared.
We understand the present law to mean that the chancellor may sign a decree as soon as he pronounces it; that it shall be recorded in the chancery order book but need not be recorded elsewhere. We also understand the other sentence of the statute to mean that no action can be taken on a final decree until it is recorded. So, plainly, the final decree is effective as a basis for subsequent proceedings, only when recorded. But once that is stated it does not follow that it is effective for no purpose at all *268 until it is recorded. To emphasize our problem, we reiterate the present situation. Nothing whatever remained to be done to enforce the pronouncement that the relationship between the parties be forever severed.
Proceedings based on an unrecorded decree are not void but may be held erroneous and inoperative if directly attacked. Fiehe v. R.E. Householder Co., 98 Fla. 627, 125 So. 2; and no penalty attached for failure to record. McGregor v. Kellum, 50 Fla. 581, 39 So. 697.
We think it is clear from the history of the Act and from our expressions on the subject that recordation is procedural and ministerial and that a decree when recorded is but evidence of judicial action already taken; that a failure to perform the act of recording amounts only to "a ministerial misprision" which may be remedied by an order nunc pro tunc. Fiehe v. R.E. Householder Co., supra.
It seems to us that it would be unjustifiable and inequitable to hold in the present situation that the decree was a nullity until the clerk performed the ministerial service of entering it in the chancery order book despite the fact that it would not become a foundation for future proceedings or process; that the vitality of the decree would be suspended for the period between the chancellor's signing and the clerk's recording.
Doubtless all decrees are intended to be recorded but there is no requirement that enrollment be withheld, as was originally the law, or that recordation be accomplished within any particular time. The only statutory regulation deals with recordation as a basis for future action.
We decline to accept the view that no decree is good for any purpose until its recordation. Dees v. Cook, 58 Fla. 420, 51 So. 138. To adopt such an absolute rule would unquestionably work hardship and injustice in many cases of which this one is a classic example. It would make the ministerial act of recording paramount to the judicial function of signing. A clerk's delay in the manual act of recording could operate as a supersedeas of the chancellor's decision.
We realize that there have been expressions by this court which indicate that a decree is effective only when it is recorded, but our study of these decisions has not revealed a situation even approaching the one with which we are dealing. For instance, in Schneider v. Cohan, Fla., 73 So.2d 69, Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314, we were considering the effective date of final decrees as bases for the computation of the time within which appeals could be taken; in three cases already cited, Wilmott v. Equitable Building & Loan Ass'n, Thompkins v. Thompkins, Grimsley v. Rosenberg, supra, we had before us further proceedings founded on final decrees; in one case, Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, this court was considering the efficacy of indefinite oral pronouncements of the chancellor.
The judicial labor in the instant case seems to have ended with the signing of the decree. It has been held that even if a chancellor ordered the entry of a decree but before he signed the decree the husband died, the decree could be entered, after the death, nunc pro tunc as of the date the order for the decree was made on the theory that the issues had been determined and all that remained to be done was for the clerk to make the entry. Tikalsky v. Tikalsky, 166 Minn. 468, 208 N.W. 180.
We conclude that when the appellant's testator died he had been divorced from the appellee and that his death before the clerk could record the decree did not affect the chancellor's dissolution of the union. See Note, 104 A.L.R. 650, 664.
Reversed.
DREW, C.J., and ROBERTS and THORNAL, JJ., concur.