DREW, Chief Justice.
We consider'here a motion to quash the appeal in this cause- on the ground that thé notice of appeal was not filed within sixty days from the recording of the order granting a motion to dismiss the complaint in the lower court.
The order granting the motion to dismiss the complaint was recorded May 24, 1956. The decretal portion thereof provided “that Defendants’ Motion to dismiss the Complaint be, and the same is, hereby granted, with leave to the Plaintiffs to amend within 15 days from date, if they so desire. Otherwise, this cause shall stand dismissed with costs assessed against the Plaintiffs.” The notice of appeal was filed on July 25, 1956, from “the Order Granting Motion to Dismiss * * * bearing, date May 22, 1956.”
It is conceded by all parties, and readily apparent, that the appeal was not taken within sixty days from the date the motion to dismiss was recorded in the Chancery , Order Boole' The appellant, however, argues that it was taken within sixty days from the expiration of the date within which an amendment was permitted and therefore, the appeal was timely taken. Appellant attempts to support this argument by reasoning that the order in question was not effective until the fifteen-day period for amendment elapsed.
The effective date for final orders, judgments, or decrees used in computing the t.ime for taking appeals to the Supreme Court is “the rendition of the final order, judgment or decree appealed from”. 31 F.S.A. Rule 12(2), Supreme Court Rules. This rule (which is authorized under Sec. 25.47, Florida Statutes 1955, F.S.A.) does not change the .starting point established under Sec. 59.08, Florida Statutes 1955, *308 F.S.A., as interpreted in Schneider v. Cohan, Fla. 1954, 73 So.2d 69. The superseding rule uses “rendition” instead of “entry” in the familiar sense under Florida law in which both “rendition” and “entry” mean “recorded in the minutes of the court.” See Foster v. Cooper, 142 Fla. 148, 194 So. 331. Supreme Court Rule 14(2) establishes the “date of the proceedings, order or decree sought to be reviewed” as the starting point for appeal time to run where interlocutory matters can be reviewed.
Since the only order before this court was dated, and also recorded in the Chancery Order Book over sixty days before the notice of appeal was filed, appeal was not timely — whether the order was final, or interlocutory as suggested by appellant. Rules 12(2) and 14(2), Florida Supreme Court Rules.
Of course, the question of the propriety of the' order might have been rendered moot (through prior leave of the court) if appellant had filed an amended complaint; but this factor does not interrupt the running of appeal time, as would a motion for rehearing or new trial. The reason for tolling the time while a motion for rehearing or new trial is pending was stated in Kent v. Marvin, Fla.1952, 59 So.2d 791, and echoed in Ganzer v. Ganzer, Fla. 1956, 84 So.2d 591: the appellant should not be required to go to the expense and trouble of filing an appeal which might be unnecessary if the trial judge grants his motion for reconsideration of issues raised by the original action.
In the present situation the court’s action is finished, since appellant controls the act of amendment; and if he had amended, a new situation would have been presented to the trial judge, not the original matter on review.
The appeal is hereby dismissed.
HOBSON, ROBERTS and THORNAL, Jj., concur.