100 So.2d 393 (1958)
Rolf Peter SALINGER, Appellant,
v.
Naomi Mildred SALINGER, Appellee.
Supreme Court of Florida.
February 5, 1958.
J. Rex Farrior, Jr. (of Shackleford, Farrior, Shannon & Stallings), Tampa, for appellant.
Feinberg & Sparkman, Tampa, for appellee.
DREW, Justice.
The trial court entered a final decree awarding a divorce, alimony and attorneys' fees to the appellee wife on the 29th of June, 1955. The decree was recorded the following day.
On August 2, 1955, the parties stipulated for the entry of an order "amending the final decree previously entered in this cause so as to provide that the effective date of such final decree shall for all purposes be August 1, 1955." An order was duly entered by the trial court on the same day amending such decree in accordance with the stipulation.
Thereafter, on September 28, 1955, appellant husband filed his notice of appeal "to review the final decree * * * effective August 1, 1955." (Emphasis supplied.)
The statute in effect at the time this appeal was taken provides that "Appeals * * * shall be taken or filed within sixty days from and after the entry of the * * * decree appealed from." Section 59.08, F.S.A. 1955. We have held in numerous cases that the recording of the final decree in a chancery case constitutes "entry" from which the time for taking the appeal begins to run. In Schneider v. Cohan, Fla. 1954, 73 So.2d 69, 70, we said:
"An appeal from a final judgment at law must be taken `within sixty days from and after the entry of the * * * judgment * * * appealed from.' Sec. 59.08, F.S. 1951, F.S.A. So far as appellate jurisdiction is concerned, the date of the signing of the judgment by the Circuit Judge or the date the same is filed in the Clerk's office or the date the same is noted in the Progress Docket is of no consequence. The time begins to run from the effective day of the judgment and that is the day it is actually entered, that is to say, recorded, in the Circuit Court minute book. See Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310, 311. The same rule applies to appeals from final decrees in Chancery, the only difference being that Chancery decrees are required to be entered, that is, recorded, in the Chancery Order Book. See Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314, 315, and the cases there cited; Barry v. Robson, Fla. 1953, 65 So.2d 739, 740."
And, in the later case of Brenner v. Gelernter, Fla. 1956, 90 So.2d 306, 307, we held that:
"The effective date for final orders, judgments, or decrees used in computing *394 the time for taking appeals to the Supreme Court is `the rendition of the final order, judgment or decree appealed from'. 31 F.S.A. Rule 12(2), Supreme Court Rules. This rule (which is authorized under Sec. 25.47, Florida Statutes 1955, F.S.A.) does not change the starting point established under Sec. 59.08, Florida Statutes 1955, F.S.A., as interpreted in Schneider v. Cohan, Fla. 1954, 73 So.2d 69. The superseding rule uses `rendition' instead of `entry' in the familiar sense under Florida law in which both `rendition' and `entry' mean `recorded in the minutes of the court.' See Foster v. Cooper, 142 Fla. 148, 194 So. 331."
A trial court has no power to extend the time prescribed by statute for taking an appeal. 2 Fla.Jur. para. 93, page 373. Cates v. Heffernan, 1944, 154 Fla. 422, 18 So.2d 11. It was pointed out in Cates v. Heffernan, supra, that compliance with the statute with respect to the time for taking an appeal was necessary to confer jurisdiction on the appellate court; and that therefore a stipulation consenting to an extension of time for such purpose followed by an order of the court granting such extension was, in effect, an attempt to confer jurisdiction by consent and therefore invalid.
The holdings of this Court with respect to this matter are in accord with the firmly established rule that a trial court may not grant, directly or indirectly, an extension of time for taking an appeal. See the annotation in 89 A.L.R. 941, 149 A.L.R. 740. Cf. Lalow v. Codomo, Fla. 1956, 88 So.2d 752.
The notice of appeal, not having been filed within the time prescribed by statute, is ineffective to confer jurisdiction on this Court to entertain the cause. It is, therefore, dismissed.
TERRELL, C.J., THOMAS and ROBERTS, JJ., and HARRIS, Circuit Judge, concur.