196 So.2d 244 (1967)
Herbert H. BRAREN and George H. Hanshaw, Appellants,
v.
LAWYERS' REALTY ABSTRACT CO. OF SARASOTA, Victor Kostecos and Thelma Kostecos, Appellees.
No. 7050.
District Court of Appeal of Florida. Second District.
February 24, 1967.
Rehearing Denied March 30, 1967.
L. Howard Payne, of Nelson, Stinnett, Surfus, Korp & Payne, Sarasota, for appellants.
Clyde H. Wilson, Philip P. Marvin and Clyde H. Wilson, Jr., Sarasota, for appellees.
McNULTY, JOSEPH P., Associate Judge.
The posture of this suit, as it comes to us, is an action at law for breach of the general covenant of seisin inherent in a full covenant and warranty deed. Earlier pleadings, involving the captioned Abstract Company, were amended and the suit proceeded only as between the grantees, Braren and Hanshaw, and against the grantors, Kostecos and wife. The trial Court entered a Summary Judgment for grantors and grantees appeal. We affirm.
The appellees conveyed the subject lands to the appellants by warranty deed in 1959. Because of an acknowledged oversight on the part of the Abstract Company, certain instruments of record entered in a 1924 Circuit Court proceeding, for the formation of the Sarasota Fruitville Drainage District, were omitted from the abstract of title furnished to appellants before purchase. These omitted instruments ostensibly reflect that a drainage canal right-of-way across part of the conveyed lands was condemned in the aforesaid 1924 proceeding. This right-of-way is not apparent in any *245 other instrument of record; nor has the canal ever been dug or the right-of-way otherwise been used by the Drainage District.
After purchase, appellants became aware of the possible cloud on their title. They chose not to file a quiet-title suit, but instead, acting upon the belief that such cloud did exist, they expended substantial sums of money in efforts to clear their title otherwise. It is these expenditures for which suit is brought on the theory of breach of the covenant of seisin.
There is no dispute as to the truth of the essential material facts, only as to their legal effect; and these facts are determinable from depositions and exhibits in support of the Motion for Summary Judgment. The trial court found, as a fact, that title to the disputed strip had vested in the drainage district, apparently by a "decree" of condemnation purportedly entered in the 1924 proceeding above mentioned. We will more fully discuss this finding later, as it is determinative of this case.
Notwithstanding such finding, however, the trial Court rationalized title back into the grantors' chain of title, and concluded that they did not breach their covenant of seisin since they had the very "quantity and quality" of the lands purportedly conveyed. We need not review the correctness of the trial Court's reasoning, nor discuss the facts upon which it is predicated, because if the final result is proper on any theory, this Court must affirm.[1] We can do this, of course, if, in the first instance, no right, title or interest ever vested in the Drainage District. In such case, there would be no question but that grantors had full "quantity and quality" of the lands purportedly conveyed, and the present action could not lie.
We can return, now, to whether the Drainage District acquired anything by condemnation in 1924. While the trial Court found that it did, the record is completely devoid of any recorded instrument purporting to be a judgment or order of condemnation. It is true that the record reveals certain court orders which were entered in the aforesaid 1924 proceeding subsequent to October 18, 1924, and in which that Court referred to a prior "decree" of condemnation theretofore entered by such Court on the said October 18 date. It is this alluded to "decree" of October 18, 1924 which is apparently relied upon to establish title in the Drainage District. But the subsequent court orders referring to such "decree" cannot be a substitute for, nor fulfill the office of, the judgment or "decree" of condemnation itself.[2] The long settled general rule in this State is that a court of general jurisdiction speaks through its record, and that until the judgment, order or decree is entered of record there is no competent evidence of its rendition.[3] A statement of the rule, and the reasons therefor, are probably best expressed in Ellis v. State, supra. Our Supreme Court, in that case, quoted with approval from Judge Freeman's work on Judgments as follows, at p. 108:
"* * * the record entry of a judgment is indispensable to furnish evidence of it, when it is made the basis of a claim or defense in another court.
"* * * But while the entry is not the judgment, its absence tends strongly to indicate that no judgment exists, and in doubtful cases may be sufficient to sustain the issue that whatever has been *246 done has been but preliminary to judgment.
"* * * While in one sense a judgment is `rendered' when it is announced by a judge, yet until that judgment is entered of record there is no competent evidence of such rendition. * * * Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were. * * *" (Italics supplied)
We conclude, therefore, that there is no competent evidence in this record from which it can be determined that any right, title or interest to the disputed strip of land ever vested in the Sarasota Fruitville Drainage District. The District, having been created pursuant to the statutes then in force,[4] had only the rights of eminent domain under those statutes;[5] and, for the reasons stated, we cannot say, nor could the trial Court, that there was any consummated exercise thereof.[6] Consequently, there being no allegations or proof of any other infirmities in grantor's title, it cannot be denied that they had the very quantity and quality of the lands conveyed. Summary Judgment in their favor was proper.
Affirmed.
LILES, Acting C.J., and PIERCE, J., concur.
NOTES
[1] See, e.g., Cohen v. Mohawk, Inc. (Fla. 1962), 137 So.2d 222; Congregation Temple De Hirsch of Seattle, Wash. v. Aronson (Fla. 1961), 128 So.2d 585; Chase v. Cowart (Fla. 1958), 102 So.2d 147; State ex rel. Bodner v. Florida Real Estate Commission (Fla. 1956), 99 So.2d 582; and authorities cited therein.
[2] See Jacksonville, T. & K.W. Ry. Co. v. Boy (1894), 34 Fla. 389, 16 So. 290.
[3] Magnant v. Peacock (1945), 156 Fla. 688, 24 So.2d 314; Jacksonville, T. & K.W. Ry. Co. v. Boy, supra; Ellis v. State (1930), 100 Fla. 27, 129 So. 106; and authorities cited herein.
[4] Rev.Gen.Stat. 1920 § 1098 et seq.
[5] Id., § 1123.
[6] Under § 1126, Rev.Gen.Stat. 1920, the authorized officers of Drainage Districts shall not have any rights of entry upon any condemned lands, nor does "title, use, possession (or) enjoyment of such property * * * pass from the owner and (vest) in the district" until statutory proceedings for acquisition of such lands, and payment, be satisfied. As noted, there is no evidence of full compliance with this section as to condemnation, and, we add, none at all as to payment.