743 So.2d 105 (1999)
Bonnie BARNETT, Appellant,
v.
Harry BARNETT, as Personal Representative of the Estate of Elliott Barnett, deceased, Appellee.
No. 98-0798.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, for appellant.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and David A. Gart of Shutts & Bowen LLP, West Palm Beach, for appellee.
GROSS, J.
Bonnie Barnett appeals a partial final judgment dissolving her marriage to Elliott Barnett and reserving jurisdiction over all financial and property issues. We have jurisdiction. See Fernandez v. Fernandez, 648 So.2d 712, 714 (Fla.1995)[1]; Fla.R.App.P. 9.030(b)(1)(A). We affirm, because we hold that the partial final judgment became effective once it was entered by the trial court, even though the husband died later the same day.
The wife filed her petition for dissolution on April 10, 1996. On January 30, 1998, the husband filed an emergency motion for bifurcation of the dissolution itself from all financial and property issues arising out of the marriage. As grounds, the husband's motion stated:
The Husband is in critical condition in the Delray Beach Community Hospital, suffering from end stage renal failure. He has complications including coronary disease, severe metabolic bone disease and other weaknesses and abnormalities. His latest hospitalization results from a fractured hip and pelvis.
The trial court held several hearings on the motion. On February 2, 1998, after agonizing over the decision, the trial court orally granted the motion to bifurcate and signed a partial final judgment dissolving the marriage and reserving jurisdiction "over all other issues" raised in the pleadings. The partial final judgment was filed with the clerk at 3:53 p.m. on February 2, 1998. Later that day, the husband died. *106 On February 10, 1998, the wife filed a motion for rehearing attacking the decision to bifurcate, which the trial court denied.
The wife argues that the partial final judgment of dissolution is void as a matter of law, because the husband died before the judgment became final, since the ten day period for filing a motion for rehearing had not yet expired. For authority, the wife relies on Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987), also a divorce case. In that case the trial court entered a final judgment dissolving the marriage and distributing property. The wife died after the final judgment was entered but before the trial court had ruled on the husband's timely motion for rehearing. The third district held that the final judgment was "void and should have been vacated below upon proper motion filed by the husband." Id. at 723. The third district's "briefly stated legal analysis" was:

First, the death of a party to a marriage dissolution action before a final judgment is entered terminates the marriage relationship by operation of law and divests the trial court of jurisdiction to issue a final decree. Second, a judgment entered by a trial court is not final while a timely motion for rehearing remains pending. Third, it therefore follows that the death of one of the parties to a marriage dissolution action after the entry of judgment, but before the trial court rules on a timely motion for rehearing and thereby terminates all judicial labor at the trial level, as here, terminates the marriage by operation of law and divests the trial court of jurisdiction to make the judgment final.
Id. (citations omitted) (emphasis in original). The problem with the legal analysis in Johnson is that it confuses the finality of a case for appellate purposes with the time a divorce judgment becomes effective in relation to the death of one of the parties.
This case is controlled by the supreme court's decision in Berkenfield v. Jacobs, 83 So.2d 265 (Fla.1955). There, the judge signed a final divorce decree on June 21, 1954. On the same day, the husband died in the judge's chambers, after the decree had been sent to the clerk's office, where it was filed at 10:16 a.m. The trial judge ruled that the decree had not become effective because the husband died before the decree was recorded by the clerk. He therefore set aside the decree and dismissed the case. The supreme court reversed the trial court's order.
As framed by the supreme court, the issue was when the divorce decree became effective:
So if the decree could not have become effective until its recordation, the appellee is the widow of Arthur Jacobs; if, on the other hand, the decree was effective as to the parties when the chancellor signed it, the appellee became a grass widow[2].... If [the trial judge] was correct in his conclusion about the time the decree became operative, his order of vacation and dismissal was proper because a marital relationship, being purely personal, terminates upon the death of either spouse, and a suit for dissolution of a marriage cannot survive the death of either party.
Berkenfield, 83 So.2d at 266 (citation omitted) (footnote supplied). The court first decided that section 62.16, Florida Statutes (1953), did not control, since that statute required the recording of a final decree as a precondition to the issuance of process or to the commencement of "other proceedings." The divorce decree did not contemplate further proceedings of any kind. The court observed that a failure to record a decree did not make the decree ineffective for any purpose. See id. at 267-68. The court distinguished the case from other *107 cases where it had used language indicating that a decree is effective only when recorded; among these cases were Schneider v. Cohan, 73 So.2d 69 (Fla. 1954), and Magnant v. Peacock, 156 Fla. 688, 24 So.2d 314 (1945), where the court was "considering the effective date of final decrees as bases for the computation of the time within which appeals could be taken." Berkenfield, 83 So.2d at 268. By this language, the supreme court recognized that the finality of the case for appellate purposes did not control the issue in Berkenfield.
The supreme court held that the effective date of a dissolution decree was the date the decree was entered, so that it was the entry of the decree and not the death of one of the parties after entry of the decree that terminated the marriage:
We conclude that when the appellant's testator died he had been divorced from the appellee and that his death before the clerk could record the decree did not affect the chancellor's dissolution of the union.
Id. Cases after Berkenfield have recognized that entry of the dissolution judgment before the death of one of the parties makes the final divorce judgment effective. See Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975); Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA 1982); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962).
As we have stated, the problem with Johnson is that it confuses two separate issues: the finality of a final judgment for the purpose of transferring jurisdiction to the appellate court, as opposed to the effective date of a divorce judgment when a party dies after entry of the judgment. See Gaines v. Sayne, 727 So.2d 351, 354 n. 4 (Fla. 2d DCA 1999). As the second district framed a similar issue in Gaines:
The issue is whether the death of a party while a divorce proceeding is pending on rehearing should necessitate dismissal of the action as if it had never been filed. Alternatively, the issue is whether the marriage was sufficiently dissolved by the time [the husband] died, so that [he] should be treated as a divorced [man] for the purposes of probate.
Id. at 353. The cases Johnson relies on to support the proposition that a judgment is not final "while a timely motion for rehearing remains pending" involve the question of finality in contexts different than that at issue in Berkenfield.[3]See Johnson, 507 So.2d at 723.
The decision in Berkenfield was not influenced by the finality of the decree for appellate purposes. At the time Berkenfield was decided, a party had ten days after the recording of the decree to file a petition for rehearing. See 31 Fla. Stat. Ann. 13 (1985) (citing 1954 RCP 3.16(a) in historical note on 1966 amendment to Florida Rule of Civil Procedure 1.530). In an equity action, a timely filed motion for rehearing tolled the time for taking an appeal. See Ganzer v. Ganzer, 84 So.2d 591 (Fla.1956). The husband in Berkenfield died minutes after the final judgment was entered, well before the time for filing a motion for rehearing had expired. If the supreme court had intended to use the finality of the case for appellate purposes to determine the effective date of the divorce decree, then the result in Berkenfield would have been different.
For these reasons, we hold that the partial final judgment of dissolution became effective on February 2, 1998, when *108 the trial judge signed it. As did the second district in Gaines, we certify conflict with Johnson v. Feeney.
On the remaining issue, we find no abuse of discretion in the trial court's decision to bifurcate. The impending death or terminal illness of a party is the type of exceptional circumstance contemplated by the case law which can justify bifurcation of a dissolution proceeding.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Prior to Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995), this court did not consider an order which only dissolved a marriage to be appealable as a final judgment, but we have reviewed such orders by certiorari. See Weasel v. Weasel, 419 So.2d 698 (Fla. 4th DCA 1982). In Fernandez, our supreme court characterized an order which only dissolved a marriage as a "final judgment" several times in the opinion. We therefore conclude that where, as in Fernandez and in this case, the marriage is dissolved and one of the parties dies before the remaining issues are resolved, the order dissolving the marriage is appealable as a final judgment.
[2] BLACK'S LAW DICTIONARY 700 (6th ed.1990), defines "grass widow" as a "slang term for a woman separated from her husband by abandonment or prolonged absence; a woman living apart from her husband. A divorcee."
[3] State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla.1963) and Cocalis v. Cocalis, 103 So.2d 230 (Fla. 3d DCA 1958), concern the finality of a decree for appellate purposes when a motion for new trial or motion for rehearing has been filed. Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983), involves when a judgment or decree was "entered or taken" within the meaning of Florida Rule of Civil Procedure 1.540(b). Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966), deals with the propriety of an equity court ordering a disbursal of funds before the time for filing a petition for rehearing had expired.